■ CITY OF NEW YORK et al., Petitioners, v BALDASSARE DONNARUMA, Respondent.—Determination of the State Human Rights Appeal Board, dated October 20, 1978, affirming decision and order of the State Commissioner of Human Rights dated January 12, 1978 finding that petitioners had discriminated against respondent (complainant) because of disability in violation of Human Rights Law (Executive Law, art 15), confirmed, without costs, and petition dismissed. We find there is substantial evidence in the whole record supporting the commissioner's decision and order affirmed by the appeal board *(300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 179-182). Complainant satisfactorily established by his employment history and a physical test (in which he received a grade of 86%, the passing grade being 70%), that he had the physical requirements to perform the duties of a laborer, and as a result was placed on the promotion list. Thereafter, he was medically examined and X rays of his back showed "degenerative osteoarthritis" and narrowing of an intervertebral disc. Testimony by an orthopedic specialist elicited the opinion that complainant's back condition is such as to cause backaches, increase complainant's susceptibility to back injuries and delay the normal healing processes. The record establishes that this witness did not examine complainant. It was petitioners' burden to come forward with evidence to rebut complainant's showing of a prima facie case of discrimination (see *McDonnell Douglas Corp. v Green,* 411 US 792, 802-805). We cannot say on this record that the medical opinion offered by petitioners' witness, standing alone, has overcome the uncontested demonstration of complainant's ability to meet the job requirements of laborer. Moreover, employers are required to evaluate a disabled applicant or employee on his merits, hiring or discharging him only if he can or cannot in fact perform the duties of the job in question. The central concern is the capacity of the individual *(Board of Educ. v New York State Div. of Human Rights,* 42 AD2d 49, 52, affd 35 NY2d 673). For the above reasons, we are unable to agree with the view of our dissenting brother that complainant's medical condition is so related to his ability to "engage in the activities involved in the job" (Executive Law, § 292, subd 21) as to preclude complainant from appointment. Concur—Birns, Fein, Lupiano and Yesawich, JJ.

Kupferman, J. P., dissents in the following memorandum: In this human rights proceeding, the State Human Rights Appeal Board affirmed an order of the State Commissioner of Human Rights, which reversed a finding of the hearing examiner that dismissed the complaint and determined that there had been no discrimination against the respondent on the ground of disability. The respondent was a motor vehicle operator in the Department of Sanitation, Bureau of Motor Equipment. He took a promotional test with the Environmental Protection Agency for the position of laborer. After a preappointment medical examination, he was notified that he was not medically qualified for the position of laborer because X rays of his back showed degenerative osteoarthritis. The notice of examination had specified that a "back condition" could be a possible cause of rejection for the position in question, obviously because it required lifting of weights. On the basis of the provisions of subdivision 21 of section 292 of the Executive Law, defining the type of disability, which would be an "unlawful discriminatory practice", the Human Rights Appeal Board and its commissioner determined that the respondent had been discriminated against, and the petitioners, the City of New York, the Environmental Protection Agency, and the Department of Sanitation, applied for an order pursuant to section 298 of the Executive Law, annulling the said order. Subdivision 21 of section 292

specifically limits the application thereof to conditions "which are unrelated to the ability to engage in the activities involved in the job". While there may be situations where the provisions of the Human Rights Law should take precedence over the job specifications as set forth by the city agencies (see *Matter of Sontag v Bronstein,* 33 NY2d 197; cf. *State Div. of Human Rights v New York City Dept. of Parks & Recreation,* 38 AD2d 25), it is obviously not discriminatory to expect good physical condition for a weight-lifting laborer job. I dissent and would annul the determination, and reinstate the findings of the hearing examiner. My determination has no reference to the recent United States Supreme Court decision in *Southeastern Community Coll. v Davis* (442 US 397), which, however, could be considered as indicating an approach to this problem.