■ MARIE KELLY, Appellant, v TOWN OF NORTH HEMPSTEAD et al., Respondents. — In an action to obtain reinstatements as a clerk I in the Animal Shelter of the Town of North Hempstead and for monetary damages, on the ground that her dismissal from such position by reason of a medical disability constituted an unlawful discriminatory practice in violation of the Human Rights Law (Executive Law, § 296), plaintiff appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Nassau County (Roncallo, J.), dated July 14, 1983, as found that defendants had acted properly and that, accordingly, they were not liable to plaintiff for any damages. ¶ Judgment reversed insofar as appealed from, on the law, with costs, and matter remitted to the Supreme Court, Nassau County (Roncallo, J.), for an award of damages, in accordance herewith. ¶ The facts of this case, insofar as they are relevant to our decision, are conceded by the defendants. Plaintiff was a "CETA" worker, assigned to the North Hempstead Animal Shelter as an office clerk who, at a point in time, it was resolved, was to be given a permanent position subject to her passing a physical examination. As a result of such examination, the defendants' examining physician reported that plaintiff suffered from certain ailments, which he concluded would adversely affect plaintiff's ability to perform her duties. The only witness at trial was plaintiff. During her testimony a progress report assessing her job behavior as superlative was admitted into evidence together with several letters from her personal physician which stated that her condition was then under control and that it would not affect her ability to perform her duties. ¶ In the recently decided case of *Matter of Miller v Ravitch* (60 NY2d 527, 532), the Court of Appeals made it very clear that in order that an individual may be kept from his job by reason of a disability, it must appear that he is not "reasonably able to do what the position requires". There is nothing obvious about the conditions which plaintiff is claimed to have which satisfy this requirement. Accordingly, we conclude that a prima facie case was made out by plaintiff and that the burden of coming forward with evidence to justify the action taken against plaintiff was shifted to the defendants, which burden they failed to meet. Though it was suggested in answers to plaintiff's interrogatories and on appeal that plaintiff could not perform properly because her diabetes increased her urination and drinking needs and increased her absenteeism, there is no record proof to this effect which would even begin to create a question of fact in defendants' favor on the question of liability (see *City of New York v Donnaruma,* 70 AD2d 856). Accordingly, we find for plaintiff on this issue. ¶ Though the record contains

testimony by plaintiff as to the damages she sustained, we refer a determination of this issue to the trial court which had an opportunity to view the plaintiff's demeanor as she testified and may therefore more properly make an assessment thereof than may we on a cold record. Bracken, J. P., Weinstein, Brown and Niehoff, JJ., concur.