■ In the Matter of RAYMOND G. LAMARRE, Petitioner, v GRANVILLE CENTRAL SCHOOL et al., Respondents. — Proceeding initiated in this court pursuant to section 298 of the Executive Law to review a determination of the State Division of Human Rights, dated October 7, 1983, which dismissed petitioner's complaint of an unlawful discriminatory practice based on physical disability.

The division based its dismissal of petitioner's complaint upon its finding that, as a result of his disability, petitioner was physically unable to perform certain duties required by his position and that, therefore, the employer did not discriminate against petitioner when it terminated his probationary employment. Petitioner, whose appeal was pending before the State Human Rights Appeal board on June 1, 1984, when the appeal board was abolished (L 1984, ch 83, § 2), commenced this proceeding pursuant to section 298 of the Executive Law in accordance with the provision concerning pending appeals contained in the statute which abolished the appeal board (L 1984, ch 83, § 4).

In the fall of 1981, petitioner received a probationary appointment as a custodian with respondent Granville Central School District. In March, 1982, the school district considered petitioner's qualifications for permanent appointment as a custodian and, due to its concerns about petitioner's physical ability to perform certain of the duties required of a custodian, terminated petitioner's employment.

Prior to 1979, an employer could terminate an employee because of a disability if the condition was in any way related to the duties required of the position (see, e.g., *Matter of State Div. of Human Rights v Averill Park Cent. School Dist.,* 46 NY2d 950). In 1979, the Human Rights Law was amended to provide protection to persons with a broader range of disabilities, including within its coverage "physical, mental or medical conditions which do not prevent the complainant from performing in a reasonable manner the activities involved in the job" (Executive Law, § 292, subd 21, as amd by L 1979, ch 594, § 1). "Under the current statute, then, it is not enough for the employer to show that the employee's physical impairment is somehow related to the duties he must perform in the position sought. Nor is it sufficient to show that the impairment precludes the employee from performing the duties in a perfect manner. The statute bars discrimination against an impaired individual who is reasonably able to do what the position requires. Unless it is shown that the employee's physical condition precludes him from performing to that extent, the disability is irrelevant to the job and can form no basis for denying him the position" (*Matter of Miller v Ravitch,* 60 NY2d 527, 532).

Petitioner's physician stated that petitioner could do no ladder climbing and no repetitive lifting. The record contains evidence that the duties of a custodian for the school district included numerous tasks requiring either ladder climbing or repetitive lifting and that all custodians were required to perform these tasks. There is, therefore, a rational basis for the division's conclusion that petitioner was not discriminated against since he was terminated due to his inability to reasonably do what the position requires. Accordingly, the judicial function is exhausted (see *Matter of CUNY-Hostos Community Coll. v State Human Rights Appeal Bd.,* 59 NY2d 69, 75).

Determination confirmed, and petition dismissed, without costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.