■ In the Matter of THOMAS SITLER, Appellant, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents.—Mikoll, J. Appeal from a judgment of the Supreme Court (Mugglin, J.), entered September 24, 1986 in Delaware County, which dismissed petitioner's application, in a proceeding pursuant to Executive Law § 298, to review a determination of respondent State Division of Human Rights finding no probable cause to believe that respondent Margaretville Central School District had engaged in an unlawful discriminatory practice relating to employment.

On January 9, 1984, petitioner had a job interview at the office of the Superintendent of respondent Margaretville Central School District (School District) and was advised at that time that a position was open for a "custodian/driver". Petitioner was allegedly told that he would be required to serve as

both a custodian and a school bus driver due to a consolidation of these two jobs. Petitioner possessed a valid class II driver's license and was authorized to drive a school bus. At the interview, petitioner allegedly stated that he had several physical ailments including high blood pressure and a heart condition. On January 16, 1984 he was appointed to the position of custodian/driver which position petitioner accepted by letter dated January 20, 1984. Thereafter, petitioner was requested to see Dr. Abraham Rottkov, the School District's physician, for a physical examination.

Dr. Rottkov examined petitioner on February 1, 1984 and reported that he was not physically fit to perform the duties of a bus driver. However, under the statement "[i]f applicant is not physically fit but condition can be corrected, enter below action indicated", Dr. Rottkov wrote that, since petitioner had a history of coronary heart disease and was on medication, it was his opinion that petitioner should not be allowed to operate a bus unless he was first checked out by a cardiologist.

Subsequently, petitioner arranged to be examined by Dr. Charles Winternitz on February 6, 1984. Dr. Winternitz said petitioner could perform his duties as a custodian but could not drive a school bus until he had undergone further cardiac evaluation. By letter dated February 17, 1984 the School District's Superintendent informed petitioner that, due to his existing health condition, his services as "bus driver/custodian" had to be terminated. This termination was later confirmed by the Board of Education for the School District.

Nonetheless, petitioner went ahead and obtained a report, dated April 27, 1984, from Dr. Winternitz stating that both Dr. Winternitz and a cardiologist, Dr. Peter Arguin, had extensively evaluated him and found him to be fit to work without restrictions including driving a school bus. Thereafter, petitioner found employment with another school district which accepted Dr. Winternitz's certification that petitioner was fit to drive a school bus.

Subsequently, petitioner filed a complaint with respondent State Division of Human Rights (SDHR) against the School District pursuant to Executive Law § 298, claiming employment discrimination based on disability. SDHR, however, found no probable cause to believe that the School District had engaged in an unlawful discriminatory practice. Petitioner then commenced the instant CPLR article 78 proceeding to review SDHR's determination, arguing that it was arbitrary and capricious, in error of law and lacking substantial evidence. Supreme Court confirmed the determination of

SDHR and dismissed the petition. Supreme Court also denied a motion for reargument. This appeal followed. Upon consideration, we find that the judgment of Supreme Court should be reversed, the determination of SDHR annulled and the matter remitted to SDHR for the purpose of adducing evidence and making findings thereon.

Disability as it relates to employment is defined in Executive Law § 292 (21) as: "(a) a physical mental or medical impairment resulting from anatomical, physiological or neurological conditions * * * which [does] not prevent the complainant from performing in a reasonable manner the activities involved in the job or occupation sought or held." Unless it can be shown that an employee's physical condition precludes him from being reasonably able to do what a position requires, disability is irrelevant to the job and can form no basis for denying him the position *(Matter of Miller v Ravitch,* 60 NY2d 527, 532; *see, Matter of Lamarre v Granville Cent. School,* 106 AD2d 838, 839, *lv denied* 64 NY2d 608). Initially, we must resolve whether petitioner was hired as a "custodian/driver", as petitioner argues, or as a custodian/*bus* driver, as the School District contends. Upon review of the evidence, we find that the record supports the contention of the School District that petitioner's duties included those of a school bus driver and that petitioner knew that he was going to be called upon to drive a school bus.

The next issue is whether petitioner had the ability to reasonably perform the duties of a school bus driver. The School District contends that petitioner was terminated because he was "not physically fit" to carry out his assigned duties as a school bus driver based on Dr. Rottkov's February 1, 1984 examination. The School District argues therefore that petitioner suffered from a present and existing medical condition that was not under control at the time of his physical examination *(see, State Div. of Human Rights v Xerox Corp.,* 65 NY2d 213; *Kelly v Town of N. Hempstead,* 103 AD2d 767). It was on this basis that SDHR found no probable cause to believe that the School District had discriminated against petitioner. However, petitioner argues that Dr. Rottkov did not actually find that petitioner was unfit, but rather, that Dr. Rottkov was unqualified to certify petitioner as fit to drive a bus and that petitioner could not be so certified until examined by a cardiologist.

We find the arguments advanced by petitioner meritorious. Insufficient evidence exists to show that petitioner was physically incapable of performing his prospective duties as a bus

driver at the time of his examination *(see, Matter of Carrero v New York City Hous. Auth.,* 116 AD2d 141, 145). Dr. Rottkov did not state that petitioner could not, at the time that he examined him, drive a bus due to his medical condition, but rather that he should not operate one until checked out by a cardiologist. Such report was a clear indication that Dr. Rottkov had not made a final determination that petitioner was unfit. Accordingly, since SDHR's stated reason for finding no probable cause to believe that the School District had engaged in an unlawful practice has an insufficient basis in the record, Supreme Court erred in dismissing petitioner's petition.

Judgment reversed, on the law, with costs, determination of respondent State Division of Human Rights annulled, and matter remitted to State Division of Human Rights for further proceedings not inconsistent herewith. Mahoney, P. J., Casey, Weiss, Mikoll and Harvey, JJ., concur.