OPINION OF THE COURT
Wachtler, J.
In this article 78 proceeding petitioner contends that his employer terminated his probationary appointment to a supervisory position because of a physical disability, and *530 thus discriminated against him in violation of this State’s Human Rights Law (Executive Law, § 296). The trial court dismissed the petition without a hearing on the ground that petitioner was unable to perform “full duties” and therefore did not come within the protection contemplated by the statute (Executive Law, § 292, subd 21). The Appellate Division affirmed and petitioner has appealed by leave of this court.
In 1971 petitioner was employed as a railroad clerk by the New York City Transit Authority (Authority) after passing a competitive examination. In 1975 he passed the examination for assistant station supervisor and was placed on the eligible list. On November 10, 1979 he was appointed to the supervisory position subject to the satisfactory completion of one year on probation.
On several occasions in 1980 petitioner was hospitalized for treatment of a heart condition. As a result of this condition he was absent from work from September 20 to October 20, 1980. On the latter date he was found physically fit to return to “full duty status” by the Authority’s cardiac consultant. However on October 27, 1980 that same doctor found petitioner “not qualified to do full duty in his [supervisory] title. He is to do no excessive stair climbing. He is able to work as a railroad clerk”. On November 6, 1980 petitioner’s probation was terminated and he was demoted to his former position of railroad clerk.
In January, 1981 petitioner commenced this article 78 proceeding claiming that the Authority discriminated against him in violation of section 296 of the Executive Law by demoting him because of his physical disability. He asked that he be reinstated to his supervisory position with back pay.
The Authority did not answer the petition but instead moved to dismiss for failure to state a cause of action. The employer claimed that petitioner had been demoted because of “unsatisfactory service during his probationary period”. The Authority also urged that since its cardiac consultant had found the petitioner unfit for full duty, it could not be said that it had discriminated against him because of a disability which would not interfere with the performance of his duties. The Authority alleged that *531 petitioner’s “specific assignment” required him to climb stairs “on a regular basis”. In opposition to the motion the petitioner contended that the doctor’s October 27 finding that he was physically unable to perform the full duties of the title was “suspect” and, in any event, did not establish his inability to perform in a “reasonable manner” as required by the antidiscrimination statute (Executive Law, § 292). He also disputed the employer’s suggestion that extensive stair climbing was actually required of assistant station supervisors.
The trial court granted the motion to dismiss, without a hearing, concluding that: “Here, the medical finding that petitioner is not qualified to do full duty means that he is not capable of ‘performing in a reasonable manner’ the functions of Assistant Station Supervisor”. The Appellate Division affirmed, without opinion.
Although the employment of a probationary appointee may be terminated without a hearing and without stated reasons, the employer may not terminate the employment for reasons prohibited by law (Matter of Talamo v Murphy, 38 NY2d 637, 639). In this State the Human Rights Law prohibits an employer from discriminating against an employee or job applicant because of a disability (Executive Law, § 296).
Prior to 1979 a disability by statutory definition, was “limited to physical, mental or medical conditions which are unrelated to the ability to engage in the activities involved in the job or occupation which a person claiming protection of this article shall be seeking” (Executive Law, § 292, former subd 21). Under that statute job relatedness was the test. An employer who denied a job opportunity to an employee or applicant because of a physical of mental impairment could not be said to have discriminated if the condition was in any way related to the duties the person was required to perform in connection with the position sought (Matter of Westinghouse Elec. Corp. v State Div. of Human Rights, 49 NY2d 234; State Div. of Human Rights [Ghee] v County of Monroe, 48 NY2d 727; Matter of State Div. of Human Rights v Averill Park Cent. School Dist., 46 NY2d 950). It was not necessary for the employer to go further and demonstrate that the condition also precluded *532 the person from performing the job in a reasonable manner (Matter of Westinghouse Elec. Corp. v State Div. of Human Rights, supra, p 237).
In 1979 the Legislature amended the statute more accurately to define disabilities as “physical, mental or medical conditions which do not prevent the complainant from performing in a reasonable manner the activities involved in the job or occupation sought” (L 1979, ch 594, now Executive Law, § 292, subd 21). This “individualized standard” went into effect on July 10,1979 and has been held to be not retroactive (Matter of Westinghouse Elec. Corp. v State Div. of Human Rights, supra, p 238). However it applies to this case where the allegedly discriminatory act occurred in November of 1980.
Under the current statute, then, it is not enough for the employer to show that the employee’s physical impairment is somehow related to the duties he must perform in the position sought. Nor is it sufficient to show that the impairment precludes the employee from performing the duties in a perfect manner. The statute bars discrimination against an impaired individual who is reasonably able to do what the position requires. Unless it is shown that the employee’s physical condition precludes him from performing to that extent, the disability is irrelevant to the job and can form no basis for denying him the position.
Thus at this stage of the proceeding the trial court erred in dismissing the petition. Even if it be assumed, as the Authority contends, that the restrictions imposed by petitioner’s heart condition do relate to the duties of an assistant station manager and may impair his ability to “fully” perform those duties to some unspecified extent, it does not follow that petitioner can claim no protection from the Human Rights Law. As noted, the determinative question under the amended statute is whether the petitioner is incapable of performing the duties required by the supervisory position in a reasonable manner and nothing submitted thus far by either side eliminates this as a factual question. Indeed at this stage it appears that the Authority terminated petitioner solely because of his probationary status. This it may not do if, as the petitioner contends, there was discrimination under the statute.
*533 In sum, the motion to dismiss the petition should have been denied and the Authority should be required to submit its answer (CPLR 7804, subd [f]) addressing the discrimination issue. The court must then decide whether questions of fact exist warranting a hearing with respect to whether the petitioner’s probationary appointment was terminated because of his physical condition, and if so, whether the restrictions imposed by that condition and the nature of the activities actually required for the supervisory position would justify a conclusion that he cannot perform the job in a reasonable manner.*
The order of the Appellate Division should be reversed, the motion to dismiss denied and the case remitted to the Supreme Court, Kings County, for further proceedings in accordance with this opinion.

 We reject the suggestion in the concurring opinion that the reasonableness standard should be interpreted in a technical manner so as to require a parsing out and separate evaluation of each activity, as opposed to a more general consideration of the employee’s over-all ability to perform the job. When reasonableness is the test the weight to be accorded to a particular factor cannot be predicted in advance but must be considered in light of all the circumstances of the particular case. Thus in our view the suggested interpretation is inconsistent with the obvious intent of the recent amendment to shift the focus from technicalities to practicalities in cases involving claims of job discrimination on the basis of physical disability.