■ In the Matter of FRANK A. CAMINITI, Appellant, v NEW YORK CITY TRANSIT AUTHORITY POLICE DEPARTMENT, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Transit Authority Police Department terminating the petitioner's employment as a probationary New York City Transit Police Officer, the petitioner appeals from a judgment of the Supreme Court, Kings County (Pizzuto, J.), dated March 26, 1986, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner's challenge to the validity of his initial 18-month probationary period is time barred pursuant to CPLR 217. The petitioner was advised of the applicable probationary period sometime in February 1982 during roll call in the New York City Police Department Police Academy. Any challenge to the validity of the 18-month period had to have been commenced within four months after the petitioner was informed of this condition (see, Matter of Colon v New York City Tr. Police Dept., 114 AD2d 956).

As a probationary employee, termination of the petitioner's employment could be effected without a hearing and without specific reasons being stated and, in the absence of bad faith or reasons prohibited by law, the determination will be upheld

*(see, e.g., Matter of Leon v Meehan,* 67 NY2d 613; *see also, Montero v Lum,* 68 NY2d 253, 259-260). The petitioner's employment was not improperly terminated pursuant to Executive Law § 296, which provides that it is an unlawful discriminatory practice to discharge an employee because of a disability. Executive Law § 292 (21) defines disability as follows: "21. The term 'disability' means (a) a physical, mental or medical impairment resulting from anatomical, physiological or neurological conditions which prevents the exercise of a normal bodily function or is demonstrable by medically accepted clinical or laboratory diagnostic techniques or (b) a record of such an impairment or (c) a condition regarded by others as such an impairment, provided, however, that *in all provisions of this article dealing with employment, the term shall be limited to disabilities which do not prevent the complainant from performing in a reasonable manner the activities involved in the job or occupation sought or held"* (emphasis supplied).

It is undisputed that the petitioner cannot be placed on patrol duty, the most important function of a police officer. The petitioner is, therefore, unable to reasonably do what the position requires, and in light of this, the termination of his employment was proper *(see, Matter of Miller v Ravitch,* 60 NY2d 527). Mangano, J. P., Weinstein, Lawrence and Kooper, JJ., concur.