■ In the Matter of KENNETH MILLER, Respondent, v RICHARD RAVITCH et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination which demoted the petitioner from the position of probationary Assistant Station Supervisor to Railroad Clerk, the appeal is from an order and judgment (one paper) of the Supreme Court, Kings County (Douglass, J.), dated November 7, 1985, which, *inter alia,* annulled the determination and reinstated the petitioner to his position as an Assistant Station Supervisor.

Ordered that the order and judgment is reversed, on the law, with costs, the determination is confirmed, and the proceeding is dismissed on the merits.

The petitioner was a probationary Assistant Station Supervisor and was subsequently demoted to his former position as Railroad Clerk because he was found to be unfit for the supervisory position by virtue of his heart condition. The testimony adduced at the hearing disclosed that the petitioner's medical condition precluded him from engaging in excessive stair climbing or other types of physical exertion attendant to his probationary position.

The Human Rights Law prohibits employers from discriminating on the basis of disability *(see,* Executive Law § 296 [1], [2]). However, a person whose condition prohibits him from performing employment duties in a reasonable manner is not considered disabled under the statute *(see,* Executive Law § 292 [21] [c]). Although, here the petitioner was capable of performing certain select assignments within the job title, his heart condition prevented him from performing in a reasonable manner the principal assignment within the title, that of station inspector *(see,* Executive Law § 292 [21] [c]; *Matter of Miller v Ravitch,* 60 NY2d 527; *Matter of Caminiti v New York City Tr. Auth. Police Dept.,* 125 AD2d 306). Because the petitioner was not disabled within the meaning of the Human Rights Law, he was not protected by its provisions, and his demotion, accordingly, did not violate the antidiscrimination proscriptions contained therein. Thompson, J. P., Bracken, Rubin and Eiber, JJ., concur.