■ In the Matter of WILLIAM McENIRY, Petitioner, v ANTHONY M. LANDI et al., Respondents. [604 NYS2d 124] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the Westchester County Department of Environmental Facilities, dated March 22, 1991, which, after a hearing, found the petitioner guilty of misconduct and terminated his employment as a laborer with that department.

Adjudged that the determination is confirmed and the proceeding is dismissed, on the merits, with costs.

The petitioner was found guilty of 47 separate specifications of misconduct relating to absenteeism, tardiness, and failure

to provide requested documentation for absences between March 13, 1989 and June 18, 1990. While he does not challenge this finding, he does assert that the termination of his employment must be annulled as violative of both the New York State Human Rights Law and the Federal Rehabilitation Act of 1973, because his absences were due to alcoholism and alcoholism is a disability for which he cannot be punished. We disagree.

Aside from the fact that the record does not clearly establish a connection between the petitioner's attendance abuses and his alleged alcoholism, it is well settled that the New York State Human Rights Law would not bar the dismissal of one whose disability prevents him from performing his assigned duties *(see, Matter of Miller v Ravitch,* 60 NY2d 527, 532). Thus, while the petitioner may not be discharged solely because of his alleged alcoholism, his employment may be terminated when his alcoholism prevents him from coming to work on an inordinate number of occasions. Further, the petitioner has not demonstrated that the Federal Rehabilitation Act of 1973 is applicable here or that its application would warrant a different result.

Finally, taking into account the petitioner's prior attendance infractions and warnings, we do not find the penalty of termination of his employment excessive *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 231). Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.