◼ In the Matter of CHARLES JOHNSON, Appellant, v NEW

YORK STATE OFFICE OF MENTAL HEALTH et al., Respondents. [609 NYS2d 270] —In a proceeding pursuant to CPLR article 78 to compel the respondents to reinstate the petitioner to his position as a Safety and Security Officer Trainee, the petitioner appeals from a judgment of the Supreme Court, Queens County (Lane, J.), dated April 16, 1992, which dismissed the proceeding as time-barred.

Ordered that the judgment is affirmed, with costs.

By "Notice of Appointment or Status Change" dated April 19, 1990, the respondent Creedmoor Psychiatric Center notified the appellant that he had been appointed to the position of Safety and Security Officer Trainee effective on that date with a one-year probationary period ending April 17, 1991. By "Notice of Appointment or Status Change" dated November 20, 1990, the petitioner was informed that his status had been retroactively changed from permanent to temporary for the period from April 19, 1990, through October 2, 1990. His status was also changed from temporary to permanent effective October 3, 1990, with a one-year probationary period ending October 2, 1991. By "Notice of Appointment or Status Change" dated July 2, 1991, the petitioner's probationary position was terminated.

The petitioner claims that prior to his discharge he had not been afforded a termination hearing or a statement of reasons for termination, and that a permanent employee would have been entitled to a hearing or statement of reasons. In support of his claim, the petitioner seeks to challenge the change of his probationary status in November 1990. This change, which occurred approximately nine months prior to his discharge, rendered him a probationary employee on the date of his discharge. However, pursuant to CPLR 217, a challenge to the validity of a probationary period must be made within four months after the petitioner is informed of the probationary status (see, Matter of Caminiti v New York City Tr. Auth. Police Dept., 125 AD2d 306). Here, the petitioner was notified on November 20, 1990, that his probationary status had been changed. Since this proceeding was not commenced until August 1, 1991, the Supreme Court properly determined that the proceeding was barred by the Statute of Limitations (see, CPLR 217).

We have examined the appellant's remaining contentions and find them to be without merit. Rosenblatt, J. P., Ritter, Pizzuto and Altman, JJ., concur.