OPINION OF THE COURT
 

 Ciparick, J.
 

 We must determine in this case whether petitioner, a recovering alcoholic, was terminated from his employment in violation of the New York State Human Rights Law. We conclude that he was.
 

 
 *557
 
 I.
 

 Petitioner William McEniry, a laborer employed by respondent Westchester County Department of Environmental Facilities (DEF), experienced an alcohol dependency problem in approximately 1985 or 1986. In 1988, DEF charged petitioner with 31 specifications of time and attendance abuses. The charges were settled by stipulation and petitioner accepted a 15-day suspension. Petitioner performed his job properly until early 1989 when he again manifested attendance and lateness problems. In July 1990, petitioner sought assistance from the Westchester County Employees’ Assistance Program (EAP). EAP arranged for petitioner’s admission to a 28-day in-patient detoxification program, followed by a two-week out-patient alcohol abuse program. At EAP’s request, DEF gave permission for petitioner to be absent from work during treatment and agreed to charge the time to petitioner’s accrued leave and to grant a leave of absence to cover the balance of the time requested.
 

 On August 31, 1990, while petitioner was still participating in the rehabilitation program, DEF charged him with 47 separate specifications of misconduct stemming from absenteeism, lateness, and failure to provide requested documentation for absences between March 13, 1989 and June 18, 1990. Petitioner was discharged from the rehabilitation program on September 9, 1990, and returned to work the next day. Petitioner’s over-all job performance after he returned to work was rated satisfactory by DEF.
 

 On December 13, 1990, at a hearing conducted pursuant to Civil Service Law §75, petitioner admitted all the charges against him, but argued that, as a rehabilitated alcoholic, he could not be fired under the New York State Human Rights Law (Executive Law art 15) and the Federal Rehabilitation Act of 1973 (29 USC § 701
 
 et seq.)
 
 for misconduct occurring prior to rehabilitation. The Hearing Officer found petitioner guilty of all 47 specifications of misconduct, recommended that he be suspended for 60 days, and suggested that any further infraction by petitioner, however slight, should result in his dismissal. The Hearing Officer stated that petitioner had far exceeded the protective scope of the antidiscrimination statutes cited by him, and that the laws enacted to protect rehabilitated individuals "were not intended to shield them from the rules and regulations of the workplace as they apply to those not so handicapped. There are many documented
 
 *558
 
 instances whereby an alcoholic can and may stay 'dry’ for three, four, five months or so before going 'off on a toot’ so to speak. How many attempts have to be made by an employer to allow that person to seemingly rehabilitate himself?”
 

 On March 22, 1991, the Commissioner of DEF adopted the Hearing Officer’s findings of fact and decision. However, the Commissioner departed from the recommendation of suspension and instead terminated petitioner’s employment. Petitioner commenced this CPLR article 78 proceeding seeking to annul the Commissioner’s determination and to be reinstated with back pay and benefits. The Appellate Division confirmed the determination and dismissed the proceeding, opining that the record did not "clearly establish a connection between the petitioner’s attendance abuses and his alleged alcoholism” (198 AD2d 417, 418). The Court observed that the State Human Rights Law "would not bar the dismissal of one whose disability prevents him from performing his assigned duties”
 
 (id.,
 
 at 418, citing
 
 Matter of Miller v Ravitch,
 
 60 NY2d 527, 532), and that petitioner failed to demonstrate that the Federal Rehabilitation Act was applicable or would warrant a different result if applicable.
 

 We granted petitioner leave to appeal.
 

 II.
 

 The New York State Human Rights Law prohibits an employer from discriminating against an employee because of a disability (Executive Law § 296 [1]). A complainant states a prima facie case of discrimination if the individual suffers from a disability and the disability caused the behavior for which the individual was terminated. Once a prima facie case is established, the burden of proof shifts to the employer to demonstrate that the disability prevented the employee from performing the duties of the job in a reasonable manner or that the employee’s termination was motivated by a legitimate nondiscriminatory reason
 
 (see, Matter of Miller v Ravitch,
 
 60 NY2d 527, 532,
 
 supra; Matter of Maloff v City Commn. on Human Rights,
 
 46 NY2d 908, 910).
 

 The Human Rights Law broadly defines the term "disability” as "a physical, mental or medical impairment resulting from anatomical, physiological or neurological conditions which prevents the exercise of a normal bodily function or is demonstrable by medically accepted clinical or laboratory diagnostic techniques” (Executive Law § 292 [21] [a]). Alcohol-
 

 
 *559
 
 ism is considered a "mental disability” under the Mental Hygiene Law, which defines "alcoholism” as a "chronic illness in which the ingestion of alcohol usually results in the further compulsive ingestion of alcohol beyond the control of the sick person to a degree which impairs normal functioning” (Mental Hygiene Law § 1.03 [3], [13];
 
 see, Matter of Francis [New York City Human Resources Admin.
 
 — Ross], 56 NY2d 600, 602 [alcoholism is an illness]). Manifestly, alcohol dependency qualifies as a disability within the meaning of the Human Rights Law.
 

 This record, under our limited review, supports the conclusion that petitioner suffered from the disability of alcoholism. We are also satisfied on this limited review that petitioner was terminated solely because of his alcohol-related chronic absenteeism. Although the Appellate Division concluded that petitioner failed to establish a causal connection between his alcoholism and his attendance problems, petitioner testified at the hearing that his absenteeism was caused by his alcoholism and that an EAP representative had repeatedly urged him to enter an Alcoholics Anonymous program. Significantly, DBF neither challenged the truthfulness of these statements nor offered any evidence to the contrary at the hearing. Indeed, it should be noted that the Commissioner of DBF expressly adopted the findings of fact and decision of the Hearing Officer, who, in recommending petitioner’s suspension, specifically stated that petitioner "has had a problem with alcohol which has prevented him from coming to work, coming to work on time, or failing to make the proper notifications for those days he was off duty.” Thus, all the evidence in the record indicates that the conduct which formed the stated basis for petitioner’s firing was causally related to his alcoholism and does not support the Appellate Division’s contrary conclusion.
 

 Petitioner having established a prima facie case, the burden rests with DBF to establish that petitioner’s disability renders him incapable of "performing in a reasonable manner the activities involved in the job” (Executive Law § 292 [21];
 
 Matter of State Div. of Human Rights [Granelle],
 
 70 NY2d 100, 106). The inquiry here is individualized. DBF must demonstrate that petitioner’s alcoholism prevents him from performing the duties of the job, failing which, his alcohol dependency may not serve as the basis for his termination
 
 (see, Granelle,
 
 70 NY2d, at 106,
 
 supra; Miller,
 
 60 NY2d, at 532,
 
 supra).
 

 
 *560
 
 Respondents have failed to establish on this record that, as of the time of termination, petitioner was unable to perform the duties of the job because of his alcoholism
 
 (see, Miller,
 
 60 NY2d, at 532,
 
 supra).
 
 The evidence indicates that petitioner was recovering and performing his job satisfactorily at the time he was terminated. A DEF employee evaluation form dated December 5, 1990, nearly three months after petitioner completed the rehabilitation program, rated his job performance as satisfactory or above average in 20 of 21 categories. Although petitioner was rated "sometimes below average” in punctuality, his performance was not considered unsatisfactory or below average in any other respect. Indeed, the DEF supervisor who evaluated petitioner indicated that "encouragement may be the answer. * * * There are some areas that may need a little more attention but I think giving him a chance and a clean slate is all the incentive he needs.”
 

 Furthermore, we cannot accept the Appellate Division’s conclusion that petitioner could be fired because his alcoholism prevented him from coming to work "on an inordinate number of occasions” (198 AD2d, at 418). Although, in an appropriate case, alcohol-related chronic absenteeism may be found to prevent an employee from reasonably performing the duties of the job, the inquiry must focus on petitioner’s status as of the time of actual termination and not earlier
 
 (see, Teahan v Metro-North Commuter R. R. Co.,
 
 951 F2d 511, 518-519,
 
 cert denied
 
 — US —, 113 S Ct 54;
 
 Kroboth v Sexton,
 
 160 AD2d 126, 130-131). The legislative purpose of preventing discrimination against employees with disabilities is best served by pinpointing the time of actual termination as the relevant time for assessing the employee’s ability to perform. It would defeat the goal of the Human Rights Law to permit an employer to justify terminating an employee based on past alcohol abuse problems that the employee has presently overcome. Where, as here, the employee enters a rehabilitation program and then performs his job in a satisfactory manner, and does so without relapse, he should not be fired for prerehabilitation alcohol-related absenteeism
 
 (see, Teahan, supra; Burka v New York City Tr. Auth.,
 
 680 F Supp 590, 597;
 
 see also, Kroboth v Sexton,
 
 160 AD2d 126,
 
 supra).
 

 Our holding is not intended to create a safe haven for individuals who resort to recovery programs as a pretext for avoiding otherwise legitimate disciplinary action, nor do we imply that in every case where an alcoholic is purportedly rehabilitated all disciplinary action is prohibited. The review
 
 *561
 
 is individualized
 
 (see, Miller,
 
 60 NY2d, at 532). Thus, in the appropriate case, an alcoholic who is found not to be actually rehabilitated, or who is shown to have an established propensity to relapse may be found unable to perform the job in a reasonable manner. That was not the case here. In light of our holding, this matter must be remanded to the Commissioner of DEF for reinstatement of petitioner with back pay and other benefits due.
 

 Given our conclusion that petitioner’s protections under the New York State Human Rights Law were violated, it is unnecessary to address the Federal Rehabilitation Act of 1973.
 

 Accordingly, the judgment should be reversed, with costs, respondent’s determination annulled, the charges against petitioner dismissed, and the matter remitted to Supreme Court, Westchester County, with directions to remand to respondent for further proceedings in accordance with the opinion herein.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith and Levine concur.
 

 Judgment reversed, etc.