■ WILLIAM G. TRACY, Appellant, v CITY OF NEW YORK et al., Respondents. [630 NYS2d 4] —Order, Supreme Court, New York County (Martin Schoenfeld, J.), entered April 28, 1993, which granted defendants' motion for summary judgment, unanimously affirmed, without costs.

Summary judgment was properly granted, notwithstanding plaintiff's bald assertions that his termination as an at-will employee with the State Department of Environmental Protection was a pretext for discrimination based on a disability *(see, Zuckerman v City of New York,* 49 NY2d 557, 562). Assuming, *arguendo,* that there exists a legitimate connection between defendant's history of excessive absenteeism and his narcotic dependency and depression disorder, the New York State Human Rights Law is not a bar to his dismissal, since it is undisputed that his purported disability has "actually pre-

vent[ed him] from reporting to work or performing his job in a reasonable manner" *(Camporeale v Airborne Frgt. Corp.,* 732 F Supp 358, 367, construing Executive Law § 292 [21]; *see also, Matter of Miller v Ravitch,* 60 NY2d 527, 532).

Nor do we find any merit to plaintiff's claim that he was denied access to and participation in counselling services through the Employee Assistance Program (EAP), where plaintiff consistently sought and was provided with such counseling from 1985 through 1988, especially in view of the fact that on the disputed occasion where plaintiff, after being involved in an altercation at work, had admitted to his supervisors that he had a narcotic addiction, was referred to drug treatment program by the defendant's EAP counselor, and then unilaterally signed himself out of the program against medical advice and did not return to work for the duration of his medical leave.

We have considered plaintiff's other arguments, and find them to be without merit. Concur—Rosenberger, J. P., Asch, Rubin and Nardelli, JJ.