■ In the Matter of REBECCA FRIEDEL, Petitioner, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents. [632 NYS2d 520] —Determination of respondent State Division of Human Rights dated January 27, 1994, which found that respondent employer did not discriminate against petitioner on the basis of her HIV-positive disability, and dismissed petitioner's original and amended complaints, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, Bronx County [Lottie Wilkins, J.], entered September 8, 1994) is dismissed, without costs.

Respondent Division's determination that respondent employer, a medical college, did not discriminate against petitioner employee, a phlebotomist, based on her HIV-positive disability, when it reassigned her to the billing department, is supported by substantial evidence (*see, Matter of Consolidated Edison Co. v New York State Div. of Human Rights*, 77 NY2d 411, 417-418) that petitioner knew of the employer's policy requiring employees to wear gloves on both hands when draw-

ing blood and violated that policy on at least three occasions, and that the employer was unaware of similar infractions by any other employee. We note that fact-finding responsibility is lodged with the Division's Commissioner (Executive Law § 297 [4] [c]), who is not bound by the Hearing Examiner's recommendation, who in this case was not the Hearing Officer who heard and saw the witnesses (*see, Matter of Simpson v Wolansky*, 38 NY2d 391, 394). We have reviewed petitioner's remaining arguments and find them to be without merit. Concur—Sullivan, J. P., Ellerin, Kupferman, Ross and Tom, JJ.