■ In the Matter of MICHAEL MYSZCZENKO, Petitioner, v CITY OF POUGHKEEPSIE, Respondent. [657 NYS2d 455] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent City of Poughkeepsie, dated July 21, 1995, which, after a hearing, found the petitioner guilty of misconduct and terminated his employment as a parking lot attendant.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

On June 5, 1995, the petitioner was charged with seven instances of misconduct which occurred on May 24, 1995, 12 days

before, when he became intoxicated while on duty as a parking lot attendant. These charges included, *inter alia,* drinking while on duty at the parking lot, refusing to undergo a breathalyzer test as directed by a supervisor, leaving his "assignment" at the parking lot "without permission and without obtaining a relief person to cover [his] assignment", failing to secure the ticket booth in the parking lot resulting in a loss of money, and using obscene language in response to a supervisor's directive and in the presence of a customer. The record reveals that the petitioner had a history of alcohol dependency and had attended a treatment program in the summer of 1994.

At the ensuing disciplinary hearing, the petitioner did not contest the substantial evidence of his misconduct while on duty. At the conclusion of the hearing, the Hearing Officer made "Findings of Fact" wherein he sustained all the charges against the petitioner and recommended that he be discharged from employment. In so holding, the Hearing Officer rejected the petitioner's reliance on the Court of Appeals' decision in *Matter of McEniry v Landi* (84 NY2d 554).

The respondent, City of Poughkeepsie (hereinafter the respondent), thereafter adopted the Hearing Officer's findings and recommendation.

The petitioner contends that he was wrongfully discharged in violation of the Human Rights Law *(see,* Executive Law art 15) because his misconduct was caused by his alcoholism, and the respondent failed to establish that his condition prevented him from performing the duties of his job in a reasonable manner.

We disagree. Alcohol dependency qualifies as a disability under the Human Rights Law *(see, Matter of McEniry v Landi, supra,* at 557) and where, as here, the petitioner establishes a prima facie case that the conduct which formed the basis for his discharge was causally related to his alcoholism, the respondent must demonstrate that the "petitioner's alcoholism prevents him from performing the duties of the job, failing which, his alcohol dependency may not serve as the basis for his termination" *(Matter of McEniry v Landi, supra,* at 559). In this case, the respondent met its burden. The evidence in the record indicates that subsequent to his completion of an alcohol treatment program, the petitioner had a relapse while on duty and was immediately charged with misconduct. In contrast, in the case of *Matter of McEniry v Landi (supra),* the employee entered a rehabilitation program and upon discharge therefrom, performed his job in a satisfactory manner, without relapse. While the petitioner was still participating in the re-

habilitation program, he was charged with, and ultimately dismissed for, prerehabilitation alcohol-related absenteeism. Under those circumstances, the Court of Appeals held, in *Matter of McEniry v Landi (supra)*, that the respondent failed to establish that at the time of termination, the petitioner was unable to perform the duties of his job because of his alcoholism. The facts at bar are clearly distinguishable from those in *Matter of McEniry v Landi (supra)*. Finally, the penalty imposed is not so disproportionate to the offense as to be shocking to one's sense of fairness *(see, Matter of Pell v Board of Educ.*, 34 NY2d 222, 223; *Matter of Dunning v City of Newburgh*, 210 AD2d 404). Accordingly, the determination is confirmed. Ritter, J. P., Pizzuto, Altman and Krausman, JJ., concur.