■ In the Matter of DAVID MUROLO, Respondent, v HOWARD SAFIR, as Commissioner of the New York City Fire Department, et al., Appellants. [668 NYS2d 229] —In a proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the New York City Fire Department, dated April 5, 1995, which, after a hearing, found the petitioner guilty of misconduct and terminated him from his position as a New York City Firefighter, the appeal is from an order of the Supreme Court, Kings County (G. Aronin, J.), dated August 16, 1996, which granted the petition to the extent of annulling the Commissioner's determination to terminate the petitioner from his position, and remitted the matter to the respondents for the imposition of a lesser penalty. The notice of appeal from the order dated April 5, 1995, is deemed an application for leave to appeal and leave to appeal from the order is granted (*see*, CPLR 5701 [b]).

Ordered that the order is reversed, on the law, the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

On May 23, 1993, the petitioner, a New York City firefighter, called in a false alarm in order to draw his fellow firefighters out of the stationhouse to which he was assigned. While the firefighters were responding to the false alarm, the petitioner stole $223 of communal money from the stationhouse. The petitioner subsequently admitted to Fire Department personnel that he had called in the false alarm and stolen the money because his captain had failed to reimburse him for the theft of $100 from his locker a few weeks earlier. The petitioner then

made the same admissions at the ensuing departmental disciplinary hearing. However, he further testified that he had been drinking heavily prior to the incident, and was not thinking straight or coping well at the time. It was undisputed that after the incident, and in compliance with a departmental directive, the petitioner entered into counseling for his alcohol problem and subsequently began attending Alcoholics Anonymous meetings.

Although the Administrative Law Judge credited the petitioner's testimony that he had committed the acts of misconduct because of a lack of judgment and control caused by his alcoholism, she found that his status as a recovering alcoholic did not shield him from being penalized for misconduct inimical to his position, and recommended termination. The respondent Commissioner adopted the Administrative Law Judge's recommendation, concluding that the petitioner's misconduct had placed the lives of his fellow firefighters and the public in jeopardy, and "in effect destroyed the trust placed in him as a member of this Department". The petitioner thereafter commenced this proceeding seeking reinstatement upon the ground that his discharge violated the Human Rights Law (*see*, Executive Law § 290 *et seq.*) because his misconduct was caused by an alcohol abuse problem which he had overcome. The Supreme Court, relying upon the Court of Appeals decision in *Matter of McEniry v Landi* (84 NY2d 554), granted the petition to the extent of annulling the penalty of dismissal and remitting the matter to the respondents for the imposition of a lesser penalty. We now reverse, and confirm the Commissioner's determination.

In *Matter of McEniry v Landi (supra)*, the Court of Appeals found that alcohol dependency qualifies as a disability within the meaning of the Human Rights Law (Executive Law § 292 [21] [a]), and held that where the petitioner establishes a prima facie case that the conduct which formed the basis for his discharge was causally related to his alcoholism, the burden shifts to the respondent to show that alcoholism prevents the petitioner "from performing the duties of the job, failing which, his alcohol dependency may not serve as the basis for his termination" (*Matter of McEniry v Landi, supra*, at 559). In marked contrast to *McEniry*, where the petitioner demonstrated that his alcoholism caused his attendance and lateness problems at work, here the petitioner's misconduct consisted of criminal acts which were admittedly motivated by his anger that nothing had been done about a theft from his locker. While the Administrative Law Judge found that the petitioner's

alcoholism impaired his judgment, there is no direct, causal connection between his status as an alcoholic and his deliberate and calculated act of calling in a false alarm in order to commit a theft at his own firehouse.

The Court of Appeals cautioned in *McEniry* that its holding was "not intended to create a safe haven for individuals who resort to recovery programs as a pretext for avoiding otherwise legitimate disciplinary action, nor do we imply that in every case where an alcoholic is purportedly rehabilitated all disciplinary action is prohibited. The review is individualized" (*Matter of McEniry v Landi, supra*, at 560-561). Upon review of this case, we find that the protection afforded to disabled employees under the Human Rights Law was not intended to prohibit the respondents from imposing appropriate disciplinary measures, including the penalty of dismissal, against a firefighter who has committed serious and intentional acts of misconduct (*see, Matter of Myszczenko v City of Poughkeepsie*, 239 AD2d 584). Altman, J. P., Friedmann, Krausman and McGinity, JJ., concur.