[671 NYS2d 864]

In the Matter of JAMES N. WOLFE, Appellant, v ALBERT JUR-
CZYNSKI, as Mayor of the City of Schenectady, et al.,
Respondents.

Third Department, April 23, 1998

## APPEARANCES OF COUNSEL

*DeCataldo & DeCataldo,* Schenectady *(Robert T. DeCataldo* of counsel), for appellant.

*Roemer, Wallens & Mineaux,* Albany *(John L. Favreau* of counsel), for respondents.

## OPINION OF THE COURT

YESAWICH JR., J.

Petitioner, a police lieutenant employed by the City of Schenectady in Schenectady County, was informed that disciplinary charges would be filed against him in connection with an incident in which he had threatened a civilian with a gun while off duty and intoxicated. Thereafter, on September 19, 1995, petitioner and respondent City of Schenectady Police Department (hereinafter the Department) entered into a written settlement, whereby they agreed that no formal charges would be filed provided petitioner, *inter alia*, enrolled and completed an established alcohol abuse treatment program, underwent a

psychological evaluation, refrained from visiting certain establishments where liquor is served and divested himself of all off-duty weapons. The agreement also stated, at paragraph 11, that the "[f]ailure to comply or satisfactorily complete any of [the] above criteria to the satisfaction of the appointing authority and the Chief of Police will be cause for [petitioner's] immediate dismissal without a hearing", and in the preceding paragraph that "[a]ny improper conduct subsequent to this agreement" will constitute a basis for "formally reinstating these charges".

On October 29, 1995, petitioner confessed to the Chief of Police that he had not yet begun a treatment program and was still drinking. The next day petitioner checked into a rehabilitation center, and at about the same time the Police Chief was informed of an incident that had occurred two days earlier in which petitioner, again in an intoxicated condition, had evidently caused a disturbance by yelling and banging on the door of an acquaintance, and then convinced a subordinate officer to lie in an attempt to conceal petitioner's involvement.

An investigation ensued, following which petitioner—who was still participating in the rehabilitation program on an inpatient basis—was summoned to a meeting, at which he was offered the option of resigning or having his employment terminated due to his violation of the settlement agreement. After conferring with two union representatives, petitioner elected to resign and submitted a letter to that effect.

Petitioner then commenced this CPLR article 78 proceeding in which he seeks reinstatement, arguing, *inter alia*, that his resignation was not voluntary but was the result of "duress, coercion and undue influence", stemming from an assertedly improper threat of termination, and that he was discriminated against on the basis of his alcoholism, a recognized disability, in the absence of any proof that he would be unable to perform his job after completing treatment. Supreme Court dismissed the petition, prompting this appeal.

We affirm. Petitioner's resignation cannot be considered involuntary merely because he was offered the unpalatable choice of resigning or being discharged unless respondents had no right to terminate his employment (*see, Matter of Cacchioli v Hoberman*, 31 NY2d 287, 292; *Matter of Rychlick v Coughlin*, 99 AD2d 863, 864, *affd* 63 NY2d 643). Here, the settlement agreement, which petitioner voluntarily executed after consultation with his union representative, expressly allows for petitioner's termination, without a hearing, if he has not

complied with its terms "to the satisfaction of * * * the Chief of Police". Given petitioner's considerable delay in entering a rehabilitative program, during which time he admittedly continued to drink and engaged in misconduct similar to that which gave rise to the initial charges, the Chief's finding that petitioner had failed to satisfactorily carry out his obligations under the agreement was in no respect arbitrary or unreasonable, nor is there any basis for concluding that it was the product of bad faith (*see, Matter of Associated Teachers of Huntington v Board of Educ.*, 33 NY2d 229, 233-234; *Boston Rd. Shopping Ctr. v Teachers Ins. & Annuity Assn.*, 13 AD2d 106, 109, *affd* 11 NY2d 831). Inasmuch as respondents were entitled to discharge petitioner pursuant to paragraph 11 of the agreement, their request for his resignation cannot be deemed improperly coercive.

■ Petitioner's assertion that he was discriminated against is also unavailing. While it is inappropriate, in certain circumstances, to take disciplinary action against an employee who has successfully overcome a substance abuse problem on the basis of prior transgressions (*see, Matter of McEniry v Landi*, 84 NY2d 554, 560; *Kroboth v Sexton*, 160 AD2d 126, 130), that is not what occurred here. The discipline which resulted in petitioner's eventual loss of his position was not imposed at a time when he had completed, or even entered, a rehabilitation program, but in September 1995 when he agreed to be bound by the conditions (and to accept the consequences) outlined in the agreement as an alternative to the ordinary disciplinary process.

Notably, the Court of Appeals expressly stated, in *Matter of McEniry v Landi* (*supra,* at 560), that its holding therein should not be construed "to create a safe haven for individuals who resort to recovery programs as a pretext for avoiding otherwise legitimate disciplinary action"; in our view, that is exactly what petitioner is attempting to do. Moreover, to adopt his position would effectively render a "last chance" settlement, like that executed by petitioner, worthless by enabling the individual who ostensibly is bound thereby to simply ignore its terms, secure in the knowledge that any potential negative consequences can be averted, and yet another "last chance" obtained, merely by entering a treatment program at the 11th hour. Because agreements such as the one at issue serve the salutary goals of encouraging rehabilitation and facilitating the nonjudicial settlement of disputes (*see, Matter of Abramovich v Board of Educ.*, 46 NY2d 450, 455-456, *cert denied* 444

US 845), there is no reason why the *Matter of McEniry* holding should be applied—as petitioner would have it—in a manner that would effectively preclude their enforcement.

Petitioner's remaining contentions have been evaluated and found wanting.

MIKOLL, J. P., CREW III, SPAIN and CARPINELLO, JJ., concur.

Ordered that the judgment is affirmed, without costs.