■ CLIFF GILBERT, Respondent, v RELATED MANAGEMENT Co., L.P., Appellant. [678 NYS2d 326] —Order, Supreme Court, New York County (Edward Lehner, J.), entered May 28, 1998, which, to the extent appealed from, denied defendant's motion for summary judgment dismissing plaintiff's first and second causes of action alleging disability discrimination, unanimously affirmed, without costs.

Plaintiff, an openly gay man, alleges that, upon his return to work following a bout with the shingles, his supervisor told him that she was concerned that he had AIDS. He further alleges that subsequent to this conversation he was demoted and thereafter discharged altogether. These allegations were sufficient to establish a prima facie case that defendant discriminated against plaintiff in employment by reason of his disability, i.e., his HIV-positive status (*see, Ferrante v American Lung Assn.*, 90 NY2d 623, 629; *Matter of McEniry v Landi*, 84 NY2d 554, 558). Once such a prima facie showing has been established, "the burden of proof shifts to the employer to demonstrate that the disability prevented the employee from performing the duties of the job in a reasonable manner or that the employee's termination was motivated by a legitimate nondiscriminatory reason" (*Matter of McEniry v Landi, supra*, at 558; *see also, Ferrante v American Lung Assn., supra*, at 629).

Although defendant, relying upon averments by three of its staff as to their ignorance of plaintiff's HIV-positive status, maintains that plaintiff has failed to prove its awareness of his medical condition, much less that the complained of demotion and discharge were premised on that condition, the truthful-

ness of defendant's assertions of ignorance is properly left for determination by the factfinder (*see, Ferrante v American Lung Assn., supra,* at 630-631). Concur—Rosenberger, J. P., Ellerin, Wallach and Williams, JJ.