■ In the Matter of DEBORAH SIANO, Petitioner, v JOHN M. DOLCE, as Commissioner of the Department of Public Safety of White Plains, et al., Respondents. [682 NYS2d 445] —Proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of Public Safety of the City of White Plains dated December 12, 1997, which, after a hearing, adopted the determination of a Hearing Officer finding the petitioner guilty of misconduct and terminated her from her employment as a public safety aide.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

It is well established that in order to annul an administrative determination, made after a hearing, the court must be satisfied, after reviewing the record as a whole, that the record lacks substantial evidence to support the determination (*see, Matter of Lahey v Kelly,* 71 NY2d 135, 140). Substantial evidence has been defined as "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 180). Thus, it is more than a mere surmise, conjecture, or speculation, but less than a preponderance of the evidence (*see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights, supra,* at 180-181).

It is also well settled that an administrative decision made after a hearing is given great weight because: (1) the Hearing Officer's assessment of credibility is based on observing the demeanor of the witnesses (*see, Matter of Berenhaus v Ward,* 70 NY2d 436, 443-444); and (2) in matters involving internal discipline, the administrative agency is assumed to possess a "special proficiency and experience" (*Matter of Ahsaf v Nyquist,* 37 NY2d 182, 184). In this case, there was substantial evidence of the petitioner's guilt of the charges against her and we discern no reason to disturb the findings.

Further, the petitioner claims that her termination from employment violates Executive Law § 296 which prohibits discrimination in employment based on disability. The petitioner argues that the conduct which resulted in the charges which were brought against her was caused by her alcoholism.

To establish a prima facie case of discrimination under Executive Law § 296, a petitioner must show that he or she "suffers from a disability and the disability caused the behavior for which the individual was terminated" (*Matter of McEniry v Landi,* 84 NY2d 554, 558). "Once a prima facie case is established, the burden of proof shifts to the employer to demonstrate that the disability prevented the employee from performing the duties of the job in a reasonable manner or that the employee's termination was motivated by a legitimate nondiscriminatory reason" (*Matter of McEniry v Landi, supra,* at 558). The relevant time for assessing whether the employee is capable of performing the duties of the job is when he or she is actually terminated, rather than when the misconduct which formed the stated basis for the dismissal occurred (*see, Matter of McEniry v Landi, supra,* at 560). Under the circumstances of this case, while the petitioner established a prima facie case of discrimination based on her alcoholism, the respondents established by substantial evidence that the petitioner's termination was motivated by a legitimate nondiscriminatory reason (*see, Matter of McEniry v Landi, supra,* at 558).

The punishment of dismissal is not so disproportionate to the misconduct charged as to be shocking to one's sense of fairness (*see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 234).

The petitioner's remaining contentions are without merit. Miller, J. P., Ritter, Sullivan and Pizzuto, JJ., concur.