■ In the Matter of CLAY SINGLETON, Respondent, v BERNARD B. KERIK et al., Appellants. [723 NYS2d 695] —In a proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the New York City Department of Correction dated July 12, 1999, terminating the petitioner's employment as a probationary correction officer, the appeal is from a judgment of the Supreme Court, Queens County (Golar, J.), entered May 4, 2000, which granted the petition, annulled the determination, and directed the appellants to reinstate the petitioner with back pay and benefits.

Ordered that the judgment is affirmed, with costs.

We agree with the Supreme Court that the petitioner's termination for pre-rehabilitation alcohol-related absenteeism violated the Human Rights Law (see, Executive Law § 296 [1]; Matter of McEniry v Landi, 84 NY2d 554). The petitioner

established that he was dismissed for misconduct caused by his alcoholism and that he performed his job in a satisfactory manner after his discharge from a rehabilitation program. The respondents failed to sustain their burden of establishing that the petitioner's alcoholism rendered him incapable of performing his job at the time of his termination (*see, Matter of McEniry v Landi, supra,* at 560; *Kroboth v Sexton,* 160 AD2d 126; *cf., Matter of Wolfe v Jurczynski,* 241 AD2d 88; *Matter of Myszczenko v City of Poughkeepsie,* 239 AD2d 584). Santucci, J. P., Florio and H. Miller, JJ., concur.

Schmidt, J., dissents and votes to reverse the judgment appealed from, deny the petition, and dismiss the proceeding on the merits, in the following memorandum: I would reverse the judgment and deny the petition. The petitioner was hired as a correction officer in 1990 and in about 1993 was diagnosed an alcoholic. As a result of this addiction, the petitioner often missed work, arrived late, or called in sick. Between December 1994 and October 1998 this conduct resulted in 21 separate disciplinary charges which resulted in plea agreements. In the plea agreements of October 1995 and June 1996 the petitioner agreed to undergo treatment for alcoholism. There were five additional charges filed against the petitioner during 1998 which resulted in the plea agreement of February 1999 wherein the petitioner agreed to accept probationary status for two years regarding absence and lateness violations. The plea agreement was accepted by the Commissioner of the New York City Department of Correction, on March 29, 1999. Approximately one month later, on May 5, and 6, 1999, the petitioner was absent without leave and on May 10, 1999, the warden of the facility at which the petitioner was employed requested that his employment be terminated. According to the petitioner, he sought help from the Department of Correction's Employee Assistance Program and completed an inpatient treatment program on June 1, 1999. The petitioner's work hours were modified to allow him to attend an outpatient program and the petitioner was not late or absent thereafter. On July 12, 1999, the petitioner's employment was terminated.

The Court of Appeals in *Matter of McEniry v Landi* (84 NY2d 554) recognized that in an appropriate case, an alcoholic who is not actually rehabilitated or who demonstrates an established propensity to relapse, may be assessed as incapable of performing his job in a reasonable manner. Here, the petitioner's repeated conduct has demonstrated that his alcoholism rendered him incapable of performing his job at the time of his termination.

In *Matter of Wolfe v Jurczynski* (241 AD2d 88), as here, the petitioner was extended every reasonable opportunity to deal with his alcoholism. In this case, after the June 1996 agreement, wherein the petitioner for the second time agreed to attend a rehabilitation program, he again lapsed into his habits of being absent without leave, lateness, and calling in sick. The respondent extended the petitioner one last chance wherein he accepted probationary status for two years to resolve the outstanding disciplinary charges. Within days of this negotiated last-chance settlement, the petitioner was absent without leave for two days. As stated by the court in *Matter of Wolfe v Jurczynski (supra)*, to adopt the petitioner's "position would effectively render a 'last chance' settlement, like that executed by petitioner, worthless by enabling the individual who ostensibly is bound thereby to simply ignore its terms, secure in the knowledge that any potential negative consequences can be averted * * * merely by entering a treatment program at the 11th hour" (*Matter of Wolfe v Jurczynski, supra*, at 91).

I find that the termination of the petitioner's employment was appropriate and not made in bad faith. The judgment appealed from should be reversed, the petition denied, and the proceeding dismissed.