■ GARY GENESKY, Appellant-Respondent, v LOCAL 1000, AFSCME, AFL-CIO, CSEA, Defendant, and COUNTY OF DUTCHESS et al., Respondents-Appellants. [731 NYS2d 758] —In an action pursuant to Executive Law § 296 alleging, *inter alia*, discrimination based on age and disability, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Dutchess County (Hillery, J.), dated June 20, 2000, as granted those branches of the motion of the defendants County of Dutchess, Charles Drum, Steve Rositi, and Bill Pepper which were for summary judgment dismissing the plaintiff's second, third, and fifth causes of action, and those defendants cross-appeal from so much of the order as denied that branch of their motion which was for summary judgment dismissing the plaintiff's fourth cause of action.

Ordered that the order is reversed insofar as cross-appealed from, on the law, and the branch of the motion which was for summary judgment dismissing the plaintiff's fourth cause of action is granted; and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents-appellants.

The plaintiff was one of four park-maintenance mechanics employed by the defendant County of Dutchess. He was laid off effective December 31, 1993, when the county budget eliminated one mechanic's position. The plaintiff brought this action alleging, *inter alia*, conspiracy under 42 USC § 1985 to deprive him of his job, discrimination on the basis of age and disability in violation of Executive Law § 296, and violation of Civil Service Law § 75.

The papers showed that the termination of the plaintiff's employment was in response to budgetary constraints of the County of Dutchess, that the plaintiff's position was not filled by a younger person but was left vacant for two years following his dismissal, and that when the position was restored to the county budget, a person older than the plaintiff was hired. Under these circumstances, the plaintiff failed to establish a prima facie case of age discrimination (*see, Matter of Laverack & Haines v New York State Div. of Human Rights,* 88 NY2d 734; *Herskowitz v Greystone Jewish Ctr.,* 270 AD2d 391; *Kelly v Poughkeepsie Area Chamber of Commerce,* 265 AD2d 307; *Alfano v Miller Envtl. Group,* 253 AD2d 446).

The Supreme Court should have granted that branch of the motion which was to dismiss the fourth cause of action alleging discriminatory firing based on disability. The plaintiff failed to establish that his surgery and subsequent radiation treatment limited his ability to perform his job within the meaning of the Human Rights Law (*see, Collins v Christopher,* 48 F Supp 2d 397). Assuming that the plaintiff demonstrated a prima facie case of disability discrimination, the movants met their burden of demonstrating that the plaintiff's termination was based on legitimate, nondiscriminatory reasons (*see, Matter of McEniry v Landi,* 84 NY2d 554; *Matter of Siano v Dolce,* 256 AD2d 582; *Matter of Hickman v Poughkeepsie City School Dist.,* 237 AD2d 289; *Gilroy v Continental Corp.,* 237 AD2d 251; *Wozniak v Components Assembly Div.,* 220 AD2d 934; *Matter of Friedel v New York State Div. of Human Rights,* 219 AD2d 547).

The Supreme Court properly determined that the plaintiff was not entitled to a hearing pursuant to Civil Service Law § 75 because he did not have five years of continuous service dating from his first appointment on a permanent basis (*see,* Civil Service Law § 75 [1] [c]; § 80-a [2]; *Matter of Marcus v Ingersoll,* 266 NY 359).

The plaintiff's remaining contentions are without merit. Santucci, J. P., S. Miller, Friedmann and Cozier, JJ., concur.