■ In the Matter of CRAIG HILDEBRAND, Appellant, v BERNARD KERIK, as Police Commissioner of the City of New York, et al., Respondents. [757 NYS2d 853] —Order, Supreme Court, New York County (Bruce Allen, J.), entered March 13, 2002, which, inter alia, granted respondents' cross motion to dismiss the petition brought pursuant to CPLR article 78 to annul respondent's determination, dated August 10, 2001, terminating petitioner's probationary employment as a New York City police officer, unanimously affirmed, without costs.

As a probationary employee, petitioner was terminable without a hearing and without a statement of the reason for his dismissal in the absence of any demonstration that the termination was accomplished in bad faith, i.e., for a constitutionally impermissible end, or in violation of statutory or decisional law (see *Matter of York v McGuire,* 63 NY2d 760 [1984]). Accordingly, because petitioner did not meet his burden to show bad faith (see *Matter of Bergstein v Board of Educ.,* 34 NY2d 318, 323 [1974]), his petition was properly dismissed. Were we to review petitioner's unpreserved request for a name-clearing hearing, we would find that the apparent grounds for the termination of petitioner's probationary employment, while serious, are not so stigmatizing as to support petitioner's application for such a hearing (see *Matter of Swinton v Safir,* 93 NY2d 758, 763-764 [1999]). Concur—Mazzarelli, J.P., Saxe, Williams, Marlow and Gonzalez, JJ.