■ In the Matter of EDWARD SILLS, Appellant, v BERNARD KERIK, as Police Commissioner of the City of New York, et al., Respondents. [773 NYS2d 289]—

Order, Supreme Court, New York County (Sherry Klein Heitler, J.), entered on or about July 10, 2002, which granted respondent Police Commissioner's cross motion to dismiss petitioner police officer's petition to annul respondent's determination terminating petitioner's employment as a police officer, unanimously affirmed, without costs.

Petitioner, who was dismissed while on one-year dismissal probation for driving while intoxicated and being unfit for duty due to consumption of alcohol, fails to allege facts showing that the termination of his employment was in violation of the Human Rights Law or otherwise in bad faith (see Matter of Hildebrand v Kerik, 305 AD2d 181 [2003]). While petitioner alleges that he is an alcoholic and thus disabled within the meaning of the Human Rights Law (Executive Law § 296 [1] [a]), he does not allege that he was seeking rehabilitation at the time of his termination, and his drinking at a party in a parking lot just prior to his termination, and then driving home, gave respondent reason to believe that his last attempt at rehabilitation, completed less than four months earlier, was unsuccessful. The Human Rights Law does not, as in the case herein, protect an individual who, subsequent to the completion of rehabilitation, suffers a relapse and is found guilty of, and is dismissed for, misconduct (see Matter of McEniry v Landi, 84 NY2d 554 [1994]; Matter of Myszczenko v City of Poughkeepsie, 239 AD2d 584, 560-561 [1997]; see also Riddick v City of New York, 4 AD3d 242 [2004]).

We have considered petitioner's remaining arguments and

find them unavailing. Concur—Nardelli, J.P., Mazzarelli, Saxe and Lerner, JJ.