■ In the Matter of RICHARD LOMAX, Appellant, v RAYMOND W. KELLY, as Police Commissioner of the City of New York et al., Respondents. [920 NYS2d 6]—

Petitioner probationary police officer was off-duty with a fel-

low officer when the vehicle he was driving skidded on ice and rear-ended another car. When petitioner called 911 to report the accident, the occupants of the other vehicle attacked the officers resulting in petitioner sustaining serious head injuries. While prosecuting the case against the assailants, an Assistant District Attorney discovered that petitioner's medical records revealed that he was intoxicated at the time of the accident and informed an NYPD sergeant, who then reported the finding to the Internal Affairs Bureau.

Given that respondents did not dispute the facts and evidence submitted with the petition, which included evidence of petitioner's elevated blood alcohol content at the time of the accident, and argued only that the facts were insufficient to show that the termination of petitioner's probationary employment was violative of law, arbitrary and capricious, or made in bad faith, the court properly converted the cross motion to dismiss to an answer and then decided it on the merits (see *Matter of Chu v New York State Urban Dev. Corp.*, 12 Misc 3d 1229[A], 2006 NY Slip Op 52055[U] [2006], *affd* 47 AD3d 542 [2008]; *cf. 211 W. 56th St. Assoc. v Department of Hous. Preserv. & Dev. of City of N.Y.*, 78 AD2d 793, 794 [1980]).

Even assuming that the Assistant District Attorney violated the Health Insurance Portability and Accountability Act of 1996 upon disclosing the contents of petitioner's medical records to the NYPD, respondents properly relied on records lawfully obtained from an independent source to conduct the investigation (see 45 CFR 164.506 [c] [1]). The medical records showing that petitioner was driving while intoxicated provided a rational basis for his dismissal as a probationary police officer and established that the termination was not made in bad faith (see *Matter of Sills v Kerik*, 5 AD3d 247 [2004], *lv denied* 3 NY3d 610 [2004]; *see also Matter of Batista v Kelly*, 16 AD3d 182 [2005]). Concur—Mazzarelli, J.P., Sweeny, DeGrasse, Freedman and Abdus-Salaam, JJ.