Rodriguez v New York City Hous. Auth. (2024 NY Slip Op 01278)

Rodriguez v New York City Hous. Auth.

2024 NY Slip Op 01278

Decided on March 12, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 12, 2024

Before: Manzanet-Daniels, J.P., Moulton, Scarpulla, Pitt-Burke, O'Neill Levy, JJ. 

Index No. 152033/18 Appeal No. 1826 Case No. 2022-03372 

[*1]Stephen Rodriguez, Respondent,
v
New York City Housing Authority, Appellant.

David Rohde, Legal Affairs and General Counsel, New York (Andrew M. Lupin of counsel), for appellant.
Advocates for Justice, New York (Laine Alida Armstrong of counsel), for respondent.

Order, Supreme Court (Lewis J. Lubell, J.), entered June 30, 2022, which denied defendant New York City Housing Authority's motion for summary judgment dismissing plaintiff's causes of action for disability discrimination pursuant to the New York State and City Human Rights Laws, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Plaintiff failed to establish that he was qualified for the position at the time of his termination. Department of Citywide Administrative Services (DCAS)'s criteria for the position of elevator mechanic requires a valid New York State driver's license to be maintained at the time of appointment and for the duration of employment. Here, plaintiff's license was revoked in March 2017 after his DWI arrest, and the loss of the license rendered him unqualified for the position (see Page v Half Hollow Hills Central School Dist., 2019 WL 764748, 2019US Dist LEXIS27775, at*18 [ED NY, Feb. 20, 2019, 16-CV-4710]; Hernandez v Hampton Bays Union Free Sch. Dist., 2015 WL 667844, 2015 US Dist LEXIS 18771, at *13-14 [ED NY, Feb. 13, 2015, 12-CV-0789]; Christy v Ken's Beverage, Inc., 660 F Supp 2d 267, 273-274 [D Conn 2009]). He further failed to raise a triable issue of fact as to whether his DWI arrest and the subsequent loss of the driver's license were caused by his alcoholism (see Riddick v City of New York, 4 AD3d 242, 245-247 [1st Dept 2004]; Matter of Murolo v Safir, 246 AD2d 653, 654-655 [2d Dept 1998], lv denied 91 NY2d 813 [1998]; Matter of Izquierdo v Bloomberg, 2009 NY Slip Op 30129[U] [Sup Ct, NY County 2009]).
Ultimately, however, there is nothing in the record to establish that plaintiff's termination occurred under circumstances permitting an inference of discrimination based on his disability. Plaintiff did not present any evidence that anyone involved in the decision to terminate him was aware of his status as a recovering alcoholic. "Discriminatory motivation may be inferred from, among other things, invidious comments about others in the employee's protected group, or the more favorable treatment of employees not in the protected group" (Mazzeo v Mnuchin, 751 Fed Appx 13, 14-15 [2d Cir 2018]). Here, plaintiff offered no evidence to permit an inference under either of these categories.
NYCHA should be granted summary judgment on the disability discrimination cause of action pursuant to New York City Human Rights Law as plaintiff cannot point to any instances where similarly situated employees were treated differently if they lost their driver's licenses (see Williams v New York City Hous. Auth., 61 AD3d 62, 79 [1st Dept 2009]).
Finally, plaintiff's failure to accommodate claim is dismissed for failure to demonstrate that NYCHA had notice of his disability (see McBride v BIC Consumer Prods. Mfg. Co., 583 F3d 92, 97 [2d Cir 2009]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT[*2].
ENTERED: March 12, 2024