Matter of Walker v City of New York (2026 NY Slip Op 01624)

Matter of Walker v City of New York

2026 NY Slip Op 01624

Decided on March 19, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 19, 2026

Before: Scarpulla, J.P., Kapnick, Pitt-Burke, Michael, Hagler, JJ. 

Index No. 161986/23|Appeal No. 6145|Case No. 2024-06492|

[*1]In the Matter of Jessica Walker, Petitioner-Respondent-Appellant,
vCity of New York, Respondent-Appellant-Respondent.

Muriel Goode-Trufant, Corporation Counsel, New York (Hannah J. Sarokin of counsel), for appellant-respondent.
Kreisberg Maitland Mendelberg & O'Hearn, LLP, New York (Jeffrey L. Kreisberg of counsel), for respondent-appellant.

Judgment (denominated an order), Supreme Court, New York County (Arlene P. Bluth, J.), entered September 17, 2024, granting in part the petition to annul a determination of the New York City Department of Correction (DOC), effective November 6, 2023, which terminated petitioner's employment, and reinstating petitioner, but denying petitioner's request for backpay, unanimously modified, on the law, to deny the petition, dismiss the proceeding brought pursuant to CPLR article 78, and otherwise affirmed, without costs.
Petitioner, who served in a non-competitive title for DOC since January 17, 2023, was terminated without notice or a hearing effective November 6, 2023. The parties dispute whether petitioner had completed her probationary period by the date of her discharge. We need not resolve that dispute because, even if petitioner had completed her probationary period, she would not have been entitled to a pretermination hearing under the Civil Service Law, which affords tenure protections to employees serving in non-competitive titles only once they have "completed at least five years of continuous service" (Civil Service Law § 75[1][c]; see Genesky v Local 1000, AFSCME, AFL-CIO, CSEA , 287 AD2d 594, 595 [2d Dept 2001]; Matter of Voorhis v Warwick Val. Cent. School Dist. , 92 AD2d 571, 572 [2d Dept 1983]).
Because petitioner was not discharged in violation of the Civil Service Law, there is no basis to order her reinstated with backpay (see Civil Service Law § 77). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 19, 2026