AMERICAN SURETY COMPANY OF NEW YORK, Plaintiff, *v.* GUY A. LOOMIS and Another, Individually and as Copartners Doing Business under the Firm Name and Style of G. A. LOOMIS & Co., Defendants.

Supreme Court, New York County, May 5, 1928.

Pleadings — complaint — claim was assigned, but complaint fails to recite consideration — complaint insufficient — deficiency cannot be cured by bill of particulars.

The complaint in this action, which alleges that plaintiff's assignors were a town and a county, but which fails to show the receipt of a valuable consideration for the assignment, is insufficient and must be dismissed, under the rule that any fair, reasonable and substantial doubt as to the power of a municipality must be resolved against its existence. Moreover, the deficiencies cannot be cured by statements in plaintiff's bill of particulars.

MOTION by the defendants for judgment on the pleadings under rule 112 of the Rules of Civil Practice, on the ground that complaint fails to state a cause of action.

*Cohn & Falk* [*Alexander A. Falk* of counsel], for the plaintiff.

*Wollman & Wollman* [*Aaron B. Coleman* of counsel], for the defendants.

FRANKENTHALER, J.   Even if it be assumed that the town of Babylon and county of Suffolk could validly assign the causes of action which accrued in their favor, it cannot be gainsaid that the receipt of a valuable consideration would be necessary to make the transfer effective.   The complaint, however, fails to allege that anything was received in return for the assignment and for aught that appears in that pleading the transfer was a mere gratuity or donation.   Applying the rule that any fair, reasonable and substantial doubt as to the power of a municipality must be resolved against its existence, the complaint would, therefore, appear to be insufficient.   Its deficiencies cannot be cured by statements in plaintiff's bill of particulars.   The contents of a bill of particulars may, it is true — as a result of admissions therein contained — under certain circumstances render an otherwise good complaint bad, but they can never make an otherwise bad complaint good. The motion to dismiss is granted, with leave to plaintiff to serve an amended complaint within ten days upon payment of ten dollars costs.   Order signed.