OMAR KAROM, Respondent, *v.* HERBERT ALTARAC, Appellant.

County Court, Nassau County, September 22, 1955.

*Galli & Locker* for appellant.

*Vogel, Vogel & Fremont* for respondent.

BROWN, J.   This is an appeal from a judgment in favor of the plaintiff entered in the City Court of the City of Long Beach. The action is in negligence for personal injuries sustained when plaintiff fell on a broken curbstone which abutted the defendant's property.

Defendant's liability was predicated solely upon the provisions of a local law enacted by the common council of the City of Long Beach which transfers the liability of the municipality for failure to make, maintain or repair the sidewalk to the abutting landowner.   This court is now asked to pass upon the validity of the local law.   Local Law No. 1 of the City of Long Beach for 1931, reads as follows:   "Section 1. The owner or occupant of lands fronting or abutting on any street, highway, travelled road, public lane, alley or square, shall make, maintain and repair the sidewalk adjoining his lands and shall keep such sidewalk and the gutter free and clear of and from snow, ice and all other obstructions.   Such owner or occupant and each of them, shall be liable for any injury or damage by reason of omission, failure or negligence to make, maintain or repair such sidewalk, or to remove snow, ice or other obstructions therefrom, or for a violation or non-observance of the ordinances relating to making, maintaining and repairing sidewalks and the removal of snow, ice and other obstructions from sidewalks, curbstones and gutters.   § 2. Whenever such owner or occupant and each of them shall omit to make, maintain and repair the sidewalk adjoining his land and to keep the same and the gutter free and clear of and from snow, ice and all other obstructions, the council of the city of Long Beach may cause such act to be done, and in addition to any fine that may be imposed, may recover by action from such owner, the cost of doing the act, or may assess the same upon such lands, and such assessment may be collected in installments as in any other assessment for local improvements levied by the city."

The State Legislature, in granting Long Beach City its charter, did not expressly grant the power to the common council to enact the law in question.   However, plaintiff contends that a grant of such power is to be inferred from section 11 of the City Home Rule Law and section 12 of Article IX of the State Constitution.

Section 11 of the City Home Rule Law grants to the local legislative body of a city, among other things, the power to adopt and amend " (a) local laws in relation to the property,

affairs or government of the city and (b) * * * the acquisition, care, management and use of its streets and property ''. The second from the last sentence of this subdivision (§ 11, subd. 1) provides that '' [s]uch local laws may change or supersede any provision of an act of the legislature theretofore enacted *which provision does not in terms and in effect apply alike to all cities.*'' (Italics ours.)

Section 12 of Article IX of the State Constitution in essence grants certain power to cities to enact local laws relating to property, affairs or government '' not inconsistent with the constitution and laws of the state ''.

This court is in complete agreement with plaintiff's contention that the section requiring the Legislature to act on city affairs by general law was intended to vest in cities increased control of their own property, affairs and government. However, plaintiff has failed to note the limitation imposed on the city in regard thereto as set forth in *Matter of Holland* v. *Bankson* (290 N. Y. 267, 270) wherein the court stated: '' Such local laws may change or supersede any provision of an act of the legislature theretofore enacted which provision does not in terms and in effect apply alike to all cities.'' In other words, if a law is general in nature, it cannot be superseded by a local law.

The general law is that a municipality is charged with the duty of keeping and maintaining its streets and highways in a reasonably safe condition for the use of the public. This duty the city cannot shift to other persons (*Bieling* v. *City of Brooklyn,* 120 N. Y. 98) ; unless the Legislature has seen fit to relieve or limit this responsibility the duty remains and must be performed (*Metzroth* v. *City of New York,* 241 N. Y. 470, 473). Nor is the municipality relieved from liability for defects in sidewalks by the fact that it has imposed the duty on abutting owners to keep their sidewalks in repair (*Niven* v. *City of Rochester,* 76 N. Y. 619; *McEvoy* v. *City of New York,* 266 App. Div. 445, 451, affd. 292 N. Y. 654).

It follows, therefore, that if the duty cannot be transferred without legislative consent, then neither can the liability arising from the failure to perform the duty. '' A State policy may not be ignored by a municipality, unless it is specifically empowered to do so in terms clear and explicit.'' (*People ex rel. Elkind* v. *Rosenblum,* 184 Misc. 916, 919.)

The State Legislature, in enacting the City Home Rule Law, did not specifically grant the right to a municipality to impose liability on an abutting landowner. In interpreting this law

it must be kept in mind that " any fair, reasonable and substantial doubt as to the power of a municipality must be resolved against its existence ". (*American Sur. Co. of N. Y.* v. *Loomis,* 132 Misc. 62, 63.) Here, the local law creates a liability where otherwise none exists and must therefore be strictly construed. The courts will not extend or enlarge the liability by construction (*Leppard* v. *O'Brien,* 225 App. Div. 162, affd. 252 N. Y. 563; *Berger* v. *City of New York,* 260 App. Div. 402).

The case of *Willis* v. *Parker* (225 N. Y. 159) upon which the respondent relies, is to be distinguished from the case at bar. In that case the State Legislature, in granting the charter to the municipality, expressly imposed a statutory obligation upon the owner of the property abutting a public street, and prescribed the liability of the owner for failure to perform the legal obligation by making such owner " liable for any injury or damage by reason of omission, failure or negligence to make, maintain or repair such sidewalk * * * or for a violation or non-observance of the ordinances relating to making, maintaining and repairing sidewalks " (pp. 162–163). There, the court said (p. 166) : " The conclusion we have reached in this case is not in conflict with the decision made in the *Campbell* case [*City of Rochester* v. *Campbell,* 123 N. Y. 405]. The charter of the city of Rochester considered in the *Campbell* case imposed a duty upon the owner of a lot or piece of land in the city to keep the sidewalks in good repair and to remove and clear away snow and ice therefrom. While the duty was imposed as stated, the Rochester charter did not contain a provision like unto that contained in the charter of the city of Auburn, creating a liability upon the property owner for any injury or damage by reason of a failure to make such repairs and to maintain the sidewalk as therein provided."

*Ellis* v. *City of Geneva* (259 App. Div. 502) and the more recent case of *Fullerton* v. *City of Schenectady* (285 App. Div. 545) (overruling the case of *Hayward* v. *City of Schenectady,* 251 App. Div. 607) involve the procedural question of notice of claim, a question not involved here. The concern here is with the right of a city to directly transfer liability to an abutting property owner.

It is the opinion of this court that without express authority from the State Legislature, the liability of the municipality for the failure to repair and maintain its streets, sidewalks and curbs cannot be transferred to the abutting landowner.

Judgment reversed and the complaint dismissed. Submit order.