■ OMAR KAROM, Appellant, v. HERBERT ALTARAC, Respondent.— In an action to recover damages for personal injuries, the appeal is (1) from an order of the County Court, Nassau County, reversing a judgment of the City Court of Long Beach entered February 16, 1955 in favor of appellant, and dismissing the complaint, and (2) from a judgment of the City Court of Long Beach entered February 14, 1956 on said order of the County Court, Nassau County. The personal injuries were received when appellant fell because of a defective curbing on a sidewalk in front of premises owned by respondent in the city of Long Beach. Order of the County Court, Nassau County, reversed, judgment of the City Court of Long Beach entered February 14, 1956 vacated and judgment of the City Court of Long Beach entered February 16, 1955 reinstated, with costs in this court and in the County Court. Section 1 of Local Law No. 1 of the City of Long Beach of the Local Laws of 1931, which imposed tort liability on abutting property owners for personal injuries sustained due to defective sidewalks, was a valid enactment pursuant to the authority granted to every city by the State Constitution (N. Y. Const. [1894 as amd.], art. XII, § 3; N. Y. Const. [1938], art. IX, § 12) and by the City Home Rule Law (§ 11, subd. 1) to adopt local laws relating to " the acquisition, care, management and use of its streets and property ". The said local law is not repugnant to anything in the State Constitution or statutes, or to public policy. Judicial decisions such as those rendered in *City of Rochester* v. *Campbell* (123 N. Y. 405) and *McEvoy* v. *City of New York* (266 App. Div. 445, affd. 292 N. Y. 654) to the effect that an abutting owner is not liable in tort for injuries sustained by reason of a defective sidewalk were not based on a general public policy of exempting him from such liability in all cases, but were based on the fact that the statutes applicable in those cases did not by their terms impose such liability. That there is no State law or policy exempting abutting owners from such liability is demonstrated by the fact that the Legislature itself has adopted legislation imposing such liability, viz., in its enactment of charters for the City of Auburn (see *Willis* v. *Parker*, 225 N. Y. 159). Further, from the fact that the said provisions in the State Constitution and the City Home Rule Law have been held to authorize legislation by a city as to another aspect of tort liability affecting the city (see *Fullerton* v. *City of Schenectady*, 285 App. Div. 545, affd. 309 N. Y. 701; *Ellis* v. *City of Geneva*, 259 App. Div. 502, affd. 288 N. Y. 478) it should follow that the said provisions also authorize the enactment by a city of a local law such as the one in question. Nolan, P. J., Wenzel, Beldock, Ughetta and Kleinfeld, JJ., concur. [208 Misc. 919.]

■ PARK MANAGEMENT CO. et al., Respondents, v. CITY OF YONKERS, Appellant. WOMAN'S INSTITUTE OF YONKERS et al., Respondents, v. CITY OF YONKERS, Appellant. HAROLD WEISBERG, as Testamentary Trustee under the Will of CELIA WEISBERG, Deceased, et al., Respondents, v. CITY OF YONKERS, Appellant.— In this consolidated action the appeal is from a judgment (1) declaring that the order made in a certain condemnation and assessment proceeding confirming the final report of commissioners is void, for lack of jurisdiction, (2) declaring that the assessments upon respondents' real properties in pursuance of said report and order are void, and (3) granting other incidental relief. Judgment unanimously affirmed, with costs. No opinion. Present — Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ.

■ HAZEL M. PETERSEN, Appellant, v. COUNTY OF SUFFOLK et al., Respondents.— In an action, pursuant to article 15 of the Real Property law, to cancel a tax deed, and for other relief, the appeal is from a judgment of the County Court, Suffolk County, entered after trial, dismissing the amended complaint on the merits. Judgment unanimously affirmed, without costs. No opinion. Present — Nolan, P. J., Wenzel, Murphy, Hallinan and Kleinfeld, JJ.