### (October 20, 1964)

ETHEL HOLCOMB et al., Appellants, v. JOHN A. WINCUINAS, Doing Business as JOHN'S 5¢ TO $1.00 STORE, Respondent.

REYNOLDS, J. Appeal from an order and judgment of the Supreme Court, Washington County, granting respondent's motion for summary judgment and dismissing appellants' complaint on the merits. Appellant [Ethel Holcomb] seeks to recover for personal injuries suffered when on June 1, 1962 she fell on the sidewalk in front of respondent's business premises. Liability is predicated on an ordinance passed by the Village of Granville making an abutting property owner liable in tort by reason of his omission, failure or negligence in constructing, maintaining or properly repairing a sidewalk abutting his premises. The sole issue here is the constitutionality of the enactment of this ordinance. It is conceded that prior to November 5, 1963 the Village of Granville, having a population of under 5,000 had no authority to enact such an ordinance unless such authority is found in the Village Law, specifically sections 89 and 90 (cf. *Willis* v. *Parker*, 225 N. Y. 159; *Karom* v. *Altarac*, 3 A D 2d 925). We agree with the court below that the Village Law does not grant the right to enact such an ordinance. A reading of the pertinent sections of the Village Law and the legislative and judicial history of these sections does not portend such a construction (see *Willis* v. *Parker, supra*; *Karom* v. *Altarac, supra*; Purpose and Scope of Municipal Home Rule Law, Governor's Memorandum of Approval — Municipal Home Rule Law; 4 Op. St. Comp., 1948, pp. 300–301). Order and judgment affirmed, without costs. Herlihy, J. P., Taylor, Aulisi and Hamm, JJ., concur.

### (October 21, 1964)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN JOSEPH BATTLE, Appellant.

*Per Curiam.* This is an appeal from an order entered on December 27, 1950 denying a writ of error *coram nobis* without a hearing. Notice of appeal was filed on January 8, 1951 and on January 10, 1963 this court granted permission to proceed as a poor person. Appeal dismissed because of defendant's failure to seek an extension of time to perfect his appeal pursuant to section 535 of the Code of Criminal Procedure. (See *People* v. *Webster*, 12 N Y 2d 1019.) Herlihy, J. P., Reynolds, Taylor, Aulisi and Hamm, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. ALDEN JAMES BRIGGS, Appellant, v. FREDERICK DUHL, as Sheriff of Chemung County, Respondent.

MEMORANDUM BY THE COURT. Appeal dismissed, without costs, as moot (see *Matter of Briggs* v. *Lauman*, 21 A D 2d 734, mot. for lv. to app. den. 14 N Y 2d 490; and we pass on none of the issues tendered by the appeal. Gibson, P. J., Reynolds, Taylor, Aulisi and Hamm, JJ., concur.