■ SUZANNE K. BRACKER, Respondent, v JEFFREY R. COHEN et al., Appellants. [612 NYS2d 113] —Order, Supreme Court, New York County (Carol Huff, J.), entered December 29, 1993, which, in an action to recover compensatory and punitive damages under Administrative Code of the City of New York § 8-502 for sex discrimination, denied defendants' motion to dismiss the complaint for lack of subject matter jurisdiction and failure to state a cause of action, unanimously affirmed, without costs.

The IAS Court correctly held that the City has authority to create a private cause of action for unlawful discrimination with punitive damages as a remedy, and that the ordinance enacted, Administrative Code § 8-502, is not inconsistent with the State Human Rights Law (Executive Law art 15). The authority specifically conferred on municipalities under NY Constitution, article IX, § 2 (c) (ii) (10) to enact laws "whether or not they relate to the property, affairs or government of such local government" is to be liberally construed (NY Const, art IX, § 3 [c]; Municipal Home Rule Law § 51), is broad enough to include the creation of a private cause of action *(Karom v Altarac,* 3 AD2d 925), and makes inapposite traditional limitations upon the exercise of "police powers" as interpreted by the authorities cited by defendants *(see, e.g.,* 6 McQuillin, Municipal Corporations § 22.01 [3d rev ed], and cases cited therein; *McCrory Corp. v Fowler,* 319 Md 12, 570 A2d 834). Absent from Municipal Home Rule Law § 11, which lists the areas in which local governments may not legislate, is any language relating to the creation of private causes of action, notwithstanding the legislative overruling of *Karom v Altarac (supra; see,* Municipal Home Rule Law § 11 [1] [j]). In the absence of a specific prohibition, the creation of private causes of action in favor of its citizens falls within the police powers of the municipality *(see also,* 1987 Atty Gen [Inf Opns] 111; 1979 Opns St Comp No. 79-812).

The State Human Rights Law was not intended to preempt the field of antidiscrimination legislation *(see, New York State Club Assn. v City of New York,* 69 NY2d 211, *affd* 487 US 1), and the local law in issue should not be deemed inconsistent therewith simply because it provides an additional penalty in the form of punitive damages *(see, e.g., Matter of Bri-Mar Corp. v Town Bd.,* 74 NY2d 826; *People v Judiz,* 38 NY2d 529).

As long as a local law neither prohibits what would be permissible under State law nor imposes prerequisites or additional restrictions on rights granted under State law so as to inhibit the operation of the State's general laws, it cannot be said to be inconsistent with the State law *(see, New York State Club Assn. v City of New York, supra,* at 217, quoting *Consolidated Edison Co. v Town of Red Hook,* 60 NY2d 99, 108, quoting *F. T. B. Realty Corp. v Goodman,* 300 NY 140, 148; *Jancyn Mfg. Corp. v County of Suffolk,* 71 NY2d 91, 100). *Thoreson v Penthouse Intl.* (80 NY2d 490) merely construed the State Human Rights Law as not providing for an award of punitive damages, and did not, as defendants argue, announce a public policy prohibition against punitive damages as a remedy for discriminatory practices. Concur—Murphy, P. J., Carro, Asch, Nardelli and Williams, JJ.