■ DIANE HIRSCHFELD, Respondent-Appellant, v INSTITUTIONAL INVESTOR, INC., et al., Appellants-Respondents. [617 NYS2d 11] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered March 23, 1994, which denied defendants' motion pursuant to CPLR 3211 (a) (2) and (7) to strike plaintiff's demand for punitive damages under her first cause of action for age discrimination for lack of subject matter jurisdiction and her third cause of action for breach of contract to pay severance benefits for failure to state a cause of action, but granted that part of defendants' motion to dismiss plaintiff's second cause of action for failure to state a cause of action for defamation, unanimously modified, on the law, only to the extent of denying said part of the motion and, as so modified, the order is otherwise affirmed, without costs.

This Court has recently determined that the City has authority to create a private cause of action for unlawful discrimination with punitive damages as a remedy, and that the punitive damage provisions of Administrative Code of the City of New York § 8-502 are not inconsistent with the State Human Rights Law *(Bracker v Cohen,* 204 AD2d 115). The IAS

Court properly sustained plaintiff's claim for severance benefits upon allegations that she continued in her employment with defendant corporation in reliance on its long-standing policy and history of offering such benefits *(cf., Smith v New York State Elec. & Gas Corp.,* 155 AD2d 850).

However, contrary to the IAS Court's finding that the second cause of action for defamation is insufficient because it is not alleged that the allegedly defamatory statement was published to any third party, paragraph 38 of the verified complaint and plaintiff's affidavit in opposition allege that the statement was repeated in a March 2, 1993 letter given by defendant MacDonald to his secretary for transmission to plaintiff and others. It is well settled that dictation of a letter to a stenographer who then transcribed it, which letter was received by the plaintiff through the mails, states a cause of action for libel *(Ostrowe v Lee,* 256 NY 36). Concur—Sullivan, J. P., Carro, Ellerin, Kupferman and Asch, JJ.