(January 23, 1995)

■ ANNE S. BARONE, Respondent, v TOWN OF HUNTINGTON, Respondent, and JEAN HIRSCHFELD, Appellant. [622 NYS2d 68] —In an action to recover damages for personal injuries, the defendant Jean Hirschfeld appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Floyd, J.), dated September 14, 1993, as denied her motion for summary judgment dismissing the complaint and all cross claims asserted against her.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The Town Code of the Town of Huntington, article IV, § 173-14 imposes on certain landowners the duty to maintain the sidewalks adjoining their properties and prescribes the liability of such landowners in the event that a breach of their duty results in injury to a third party. The appellant, a landowner, argues that this section of the Town Code of the Town of Huntington is in conflict with Town Law § 130 (4). We disagree.

A town may enact a local law such as the one now under review pursuant to its power to legislate in connection with "[t]he acquisition, care, management and use of its highways, roads, streets, avenues and property" (Municipal Home Rule Law § 10 [1] [ii] [a] [6]; *see also,* NY Const, art IX, § 2 [c] [ii] [6]; *Karom v Altarac,* 3 AD2d 925 [construing former City Home Rule Law § 11 (1)]; *cf., Holcomb v Wincuinas,* 22 AD2d 715 [construing former Village Law §§ 89, 90]; *Rooney v City of Long Beach,* 42 AD2d 34 [construing former City Home Rule Law § 11 (1) and Municipal Home Rule Law § 11 (1) (j)]). The local law under review in this case expands, and does not limit, the number of persons or entities who may be held to account for defective sidewalks. There is no direct conflict between State and local law in this case *(cf., Rooney v City of Long Beach,* 42 AD2d 34, *supra* [local law in conflict with Municipal Home Rule Law § 11 (1) (j)]). On the contrary, the State law and the local law promote the same general policy and are fully compatible *(see generally, Council For Owner Occupied Hous. v Koch,* 119 Misc 2d 241, *affd* 61 NY2d 942; *cf., Consolidated Edison Co. v Town of Red Hook,* 60 NY2d 99, 108).

In the absence of any conflict or incompatability with State law, the local law under review in this case is valid irrespective of the Town of Huntington's alleged failure to comply with the requirements that are to be followed whenever a local government purports to preempt the terms of a State statute *(see,* Municipal Home Rule Law §§ 22, 10 [1] [ii] [d] [3]; *Kamhi v Town of Yorktown,* 74 NY2d 423; *Walker v Town of Hempstead,* 190 AD2d 364, *affd* 84 NY2d 360).

For these reasons, the arguments advanced by the appellant are without merit. Mangano, P. J., Balletta, O'Brien and Hart, JJ., concur.