■ BEAR, STEARNS & CO., INC., Plaintiff, v D. F. KING & CO., INC., Appellant, and THOMAS S. CRONIN, Respondent, et al., Defendants. [663 NYS2d 12] —Order, Supreme Court, New York County (Carol Arber, J.), entered March 21, 1997, granting defendant Cronin's motion for interim indemnification pursuant to Business Corporation Law § 724, unanimously reversed, on the law, with costs, and the motion for interim indemnification denied.

Defendant-appellant is a Delaware corporation doing business in New York, whose ex-employee, defendant-respondent, is alleged here to have improperly obtained information regarding plaintiff's customers during the term of his employment.

The question before us is whether defendant-appellant should be obliged, over its objection, to provide interim indemnification to the employee for his legal expenses in accordance with New York law.

While Business Corporation Law § 724 (c) permits a *court* to grant indemnification for legal expenses during the pendency of an action, section 725 (b) (1) limits this power with regard to a foreign corporation where such award "would be inconsistent with the law of the jurisdiction of incorporation of a foreign corporation which prohibits or otherwise limits such indemnification". Delaware's General Corporation Law provides for interim indemnification at the corporation's discretion upon the posting of an undertaking by the person indemnified to repay such amount if it is ultimately determined that he is not entitled to indemnification (Del Code Annot, tit 8, § 145 [e]), but contains no provision for court-ordered interim indemnification analogous to Business Corporation Law § 724 (c). Delaware case law reads section 145 (e) as providing that, absent contractual agreement, the question of interim indemnification lies solely within the corporation's discretion, the leading case being *Advanced Min. Sys. v Fricke* (623 A2d 82, 84 [Del]).

Defendant-respondent's contentions to the contrary—that Delaware does provide for court-ordered interim indemnification, and that Delaware law and New York law on this issue are different, but not inconsistent—are without merit. Defendant-respondent cites *Kapoor v Fujisawa Pharm. Co.* (1994 Del Super LEXIS 233 [Super Ct, May 19, 1994, Del Pesco, J.]) and *Citadel Holding Corp. v Roven* (603 A2d 818 [Del]) in support of the contention that Delaware law allows court-ordered interim indemnification; however, these cases are distinguishable from the instant case in that the corporations in those cases had contractually agreed to mandatory interim indemnification. Defendant-respondent cites *Town of Clifton Park v C.P. Enters.* (45 AD2d 96) and *Barone v Town of Huntington* (211 AD2d 691, *appeal dismissed without opn* 86 NY2d 885) in support of its contention that Delaware law on this issue is different from but not inconsistent with New York law; however, these cases hold that statutory provisions are not inconsistent where they "promote the same general policy and are fully compatible" (*supra*, at 692). In this instance, the laws of the two States are incompatible, since New York's policy gives priority to the individual at the expense of the corporation and Delaware's policy gives priority to the corporation at the expense of the individual. Consequently, we find that the policy of this State is inconsistent with that of Dela-

ware on this issue and that, pursuant to Business Corporation Law § 725 (b) (1), the former must defer to the latter. Concur—Murphy, P. J., Sullivan, Ellerin and Williams, JJ.