■ STEVEN MINICHIELLO, Appellant, v SUPPER CLUB et al., Respondents, et al., Defendant. STEVEN MINICHIELLO, Respondent, v SUPPER CLUB et al., Appellants, et al., Defendant. [674 NYS2d 369] —Judgment, Supreme Court, New York County (Diane Lebedeff, J.), entered on or about January 6, 1997, which, *inter alia*, upon the prior grant of defendant Theising's motion for summary judgment, dismissed the complaint as against him, unanimously modified, on the law, that portion of the judgment dismissing the complaint as against Theising is vacated, Theising's motion for summary judgment dismissing the complaint as against him is denied insofar as it seeks dismissal of the complaint's first cause of action and that cause is reinstated as against Theising, and the judgment is otherwise affirmed, without costs. Order, same court and Justice, entered May 22, 1997, which, to the extent appealed from, denied defendants' application to limit the amount of punitive damages sought in plaintiff's first cause of action, unanimously affirmed, without costs.

Plaintiff alleges that he was verbally and physically harassed by defendants and then, when he refused voluntarily to give up his position as an employee at defendant Supper Club, wrongfully discharged. The complaint asserts causes of action for unlawful discharge pursuant to section 8-107 of the

Administrative Code of the City of New York; defamation; assault and battery as part of a concerted plan to drive plaintiff from his employment; and intentional infliction of emotional distress. Although the IAS Court properly dismissed, either in whole or part, the claims for defamation, assault and battery and intentional infliction of emotional distress, the court erred in releasing Theising as a defendant in the lawsuit. Pursuant to Administrative Code § 8-107 (13) (b), an employer with supervisory responsibility may be held accountable for the unlawful discriminatory practice of an employee or agent, and the record raises issues of fact as to whether Theising was not merely an investor in defendant Supper Club but a principal in its operation and, if so, whether he was culpably involved in the effort to wrongfully compel plaintiff to leave his employment.

The arguments raised by defendants in their appeal from the denial of their application to limit their exposure to punitive damages were advanced for the first time in reply papers, and are accordingly not entitled to appellate review at this time (*Scherrer v Time Equities*, 218 AD2d 116, 120-121; *Lumbermens Mut. Cas. Co. v Morse Shoe Co.*, 218 AD2d 624, 625-626). Were we to consider defendants' arguments, we would find them to be without merit since this Court has already rejected the limitation upon punitive damages defendants propose (*see, Walsh v Covenant House*, 244 AD2d 214; *Hirschfeld v Institutional Investor*, 208 AD2d 380; *Bracker v Cohen*, 204 AD2d 115).

We have considered the parties' remaining arguments for affirmative relief and find them to be without merit. Concur— Lerner, P. J., Rubin, Williams, Mazzarelli and Andrias, JJ.