■ GLORIA M. ROSENBLUM et al., Respondents, v VILLAGE OF BELLPORT, Appellant. ALLAN & ALLAN ARTS LTD., Doing Business as GATEWAY PLAYHOUSE, Intervenor-Appellant. [704 NYS2d 878] —In an action for a judgment declaring Local Laws, 1995, No. 1 of the Village of Bellport, establishing "the zoning district of the Cultural and Performing Arts District" unconstitutional, illegal, and void as of the date of its enactment and enjoining the defendant Village of Bellport from entertaining any application to designate any parcels of land subject to that law, (1) the defendant Village of Bellport appeals (a), as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Henry, J.), dated August 14, 1998, as denied that branch of its motion which was to dismiss the complaint and granted the plaintiffs' cross motion for summary judgment, and (b) a judgment of the same court dated, January 22, 1999, which declared the subject law void as of the date of its enactment and permanently enjoined its implementation, and (2) the intervenor Allan & Allan Arts Ltd., d/b/a Gateway Playhouse, appeals from the same judgment. The notice of appeal of the Village of Bellport from the order dated August 14, 1998, is also deemed to be a notice of appeal from the judgment (*see,* CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, with one bill of costs, that branch of the motion of the defendant Village of Bellport which was to dismiss the complaint is granted, and the complaint is dismissed, and the order dated August 14, 1998, is modified accordingly.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

It is undisputed that Local Laws, 1995, No. 1 of the Village of Bellport, has not been utilized and has not affected any property. Accordingly, under the circumstances, there is no justici-

able controversy and any decision determining the legality of the law is premature (*see, Schultz v City of Port Jervis,* 242 AD2d 699). Sullivan, J. P., Luciano, H. Miller and Feuerstein, JJ., concur.