OPINION OF THE COURT
Rolando T. Acosta, J.
In this action, which was tried before a jury, plaintiff, a senior case manager with defendant corporation, alleged that defendant terminated plaintiffs employment because of plaintiffs alleged disability (alcoholism) in violation of antidiscrimination provisions of the New York State and New York City Human Rights Laws. Defendant denied that it was even aware of the alleged disability and claimed that the discharge was due to a budget cut or budget reallocation.
At the close of plaintiffs case and at the close of the trial, defendant moved for a directed verdict and judgment in its favor (CPLR 4401, 4404 [a]). The court having reserved decision on the motions during trial, defendant now renews thoseTnotions, contending that plaintiff failed to establish a prima facie case of discrimination on the basis of disability and failed to rebut defendant’s legitimate, nondiscriminatory reason for the discharge.
Defendant now also moves for an order setting aside (a) the jury’s liability verdict on the ground that the verdict is against the weight of the evidence, and (b) the jury’s award of punitive damages upon the ground that the jury’s verdict did not specify whether defendant was liable for the discriminatory discharge under the New York City Human Rights Law (which permits recovery of punitive damages), or the New York State Human *647 Rights Law (which does not permit recovery of punitive damages).[1]
Plaintiff, on the other hand, moves for an order granting costs and attorney’s fees pursuant to New York City Human Rights Law (Administrative Code of City of NY) § 8-502 (f). Defendant opposes the motion for attorneys fees upon the same ground that it moves to vacate the punitive damages award.
The Motion for a Directed Verdict and the Motion to Set Aside the Verdict
Defendant moves for an order granting judgment in its favor pursuant to CPLR 4401 and 4404, upon the ground that plaintiff failed to establish a prima facie case of discrimination on the basis of disability and/or failed to adequately rebut defendant’s legitimate, nondiscriminatory reason for plaintiff’s discharge.
Because the court finds that plaintiff established a prima facie case of disability discrimination and that there was sufficient evidence from which the jury could rationally conclude that defendant’s claimed reasons for terminating plaintiff were false, defendant’s motions for a directed verdict and judgment in its favor at the close of plaintiff’s case and at the close of the trial are denied, as is defendant’s motion to set aside the verdict as against the weight of the evidence (CPLR 4401, 4404 [a]).
At trial, plaintiff testified that he suffered from alcoholism, that he “used alcohol as a tool,” that he sought “consolation in drinking,” that he “found or sought relief, solace, in the bottle,” and that his alcoholism affected him at work because “there were times when [he] felt the residual effects of alcohol, [he] felt sick to [his] stomach, [he] felt that [he] may [reek] of alcohol.” Plaintiff testified that although he had been in “denial” about his alcoholism for several years, at some point he “confronted” his drinking problem and made a “determination” that it was imperative that he stop drinking. He had his last drink on May 14, 1995, and began to seek treatment for his alcoholism through Alcoholics Anonymous, where he attended meetings.
At some point, plaintiff “confided” in his supervisor, with whom he had a rapport, that he suffered from alcoholism and *648 “has a drinking problem.” Immediately thereafter, plaintiff discovered a handwritten note in his mailbox which warned him to “watch [his] back.” Plaintiff believed that the note meant that his job was in jeopardy. A week or two later, plaintiff received notice from the defendant corporation that his employment was terminated.
Aside from the foregoing evidence, plaintiff also introduced evidence to show that he was hired by defendant in 1988 and that he was an excellent employee who, prior to his termination, had always received favorable reviews and promotions from his superiors. He also introduced testimony to establish that soon after his termination, another person was hired to replace him.
The foregoing evidence adequately established plaintiffs prima facie case of disability discrimination — that he was disabled or perceived or regarded as being disabled, that he was terminated, that he was qualified and that he was terminated under circumstances giving rise to an inference of discrimination. (Ferrante v American Lung Assn., 90 NY2d 623, 629 [1997].) Thus, the evidence was sufficient to withstand the motion for a directed verdict. Further, plaintiffs prima facie case, together with the alleged falsity of the defendant’s explanation for the termination, was sufficient to withstand the motion for judgment after trial and the motion to set aside the verdict as against the weight of the evidence.
Contrary to defendant’s contentions, the evidence established that plaintiff suffered from the recognized mental disability of alcoholism which, as defendant admits, is defined as a “ ‘chronic illness in which the ingestion of alcohol usually results in the further compulsive ingestion of alcohol beyond the control of the sick person to a degree which impairs normal functioning.’” (Matter of McEniry v Landi, 84 NY2d 554, 559 [1994].) Plaintiffs testimony alone adequately demonstrated that his ingestion of alcohol was compulsive and beyond his control and that it “impair [ed] normal functioning.” Nothing in the case law or statutory framework of the State and City Human Rights Laws requires plaintiff to introduce medical evidence to prove his disability of alcoholism.
In any event, even if plaintiffs testimony alone was insufficient to establish that he suffered from the disability of alcoholism, plaintiff clearly submitted sufficient evidence from which the jury could infer and conclude that defendant “regarded” (State Human Rights Law [Executive Law] § 292 [21] [c]), or “perceived” (Administrative Code § 8-107 [1] [a]), plaintiff as suffering from the disability of alcoholism.
*649 This evidence was sufficient to satisfy the disability element of plaintiff’s prima facie case, whether or not plaintiff was actually disabled.[2] (See, Matter of North Shore Univ. Hosp. v Rosa, 194 AD2d 727, 729 [2d Dept 1993] [a person who “was incorrectly thought to be affected by a disability “may nevertheless seek redress pursuant to” the State Human Rights Law]; Ashker v International Bus. Machs. Corp., 168 AD2d 724, 726 [3d Dept 1990] [“The statutory language (of the State Human Rights Law) is sufficiently broad, and the legislative history sufficiently supportive of an interpretation * * * that nondisabled individuals * * * whom an employer wrongfully, perceives as impaired, come within its reach”]; Doe v Roe, 160 AD2d 255, 256 [1st Dept 1990] [“We note that the definition of disability in the Human Rights Law * * * is broad enough to embrace persons who * * * contend they are not disabled but whom the potential employer perceives (wrongfully) to be disabled”].)
Further, the evidence that plaintiff was disabled, or regarded/ perceived as disabled, together with evidence that plaintiff, an employee with an unblemished record of promotions, was discharged almost immediately after his disability of alcoholism became known to defendant, sufficiently established that “the discharge occurred under circumstances giving rise to an inference of [disability] discrimination.” (Ferrante v American Lung Assn., supra, 90 NY2d, at 629.)
Thus, plaintiff’s evidence was sufficient to establish plaintiff’s prima facie case of disability discrimination. (See, e.g., Matter of Club Swamp Annex v White, 167 AD2d 400, 402 [2d Dept 1990] [“the discharge of the complainant immediately after his condition became known supports the Commissioner’s finding of impermissible discrimination” based upon disability].)
Contrary to defendant’s contentions, plaintiff was not required to prove that his alcoholism adversely manifested itself in some significant way in his work, such that his performance at work would be “impaired” thereby. Indeed, defendant’s argument in this regard is somewhat disingenuous inasmuch as proof that plaintiff’s alcoholism “prevent [ed] [him] from performing in a reasonable manner the activities involved in the job” (State Human Rights Law § 292 [21]) would have effectively defeated his claim of disability discrimination. (Id.; *650 see also, Administrative Code § 8-102 [16] [c]; Matter of Miller v Ravitch, 60 NY2d 527, 532 [1983]; cf., Matter of McEniry v Landi, supra, 84 NY2d, at 560; Renaud v Wyoming Dept. of Family Servs., 203 F3d 723, 731 [10th Cir 2000] [although alcoholism qualifies as a disability under the ADA, an employer may prohibit disability-caused misconduct in the workplace and may hold an alcoholic employee to the same job performance standards as other employees].)
Furthermore, defendant’s claim that the jury was required to accept defendant’s alleged legitimate, nondiscriminatory reason for plaintiff’s discharge is legally and factually wrong. In this case, there was abundant evidence from which the jury could wholly disbelieve defendant’s witnesses’ weak and sometimes inconsistent testimony regarding a claimed “budget cut” and/or “budget reallocation.” This is particularly so given the evidence, elicited during defendant’s case, that the supervisor who was allegedly informed of plaintiffs disability was involved in the decision to discharge him, and given the evidence that almost immediately after the termination of plaintiff (who was concededly an excellent employee) another person was hired to fill plaintiffs position.
Under these circumstances, the jury, far from being required to accept defendant’s alleged reason for the discharge, was free to find not only that “defendant’s explanation is unworthy of credence,” but also that the “falsity of the * * * explanation” is “probative of intentional discrimination” or at least evinces an intent on the part of the defendant to “cover up a discriminatory purpose.” (Reeves v Sanderson Plumbing Prods., 530 US 133, —, 120 S Ct 2097, 2108 [2000]; see also, Ferrante v American Lung Assn., 90 NY2d 623, 630, supra.) In other words, the jury in this case was “entitled to consider [defendant’s] dishonesty about” the reason for the discharge “ ‘as affirmative evidence of guilt.’ ” (Reeves v Sanderson Plumbing Prods., supra, 530 US, at —, 120 S Ct, at 2108.) Indeed, that is precisely what the jury seems to have done in this case.
Significantly, contrary to defendant’s intimations, plaintiff was not required, under the circumstances of this case, to “introduce additional, independent evidence of discrimination” (Reeves v Sanderson Plumbing Prods., supra, 530 US, at —, 120 S Ct, at 2109), after defendant’s witnesses testified that the discharge of plaintiff was due to a budget cut or budget reallocation. On the contrary, to rebut the alleged legitimate, nondiscriminatory reason proffered by defendant, plaintiff was entitled to rely on the evidence elicited during his cross- *651 examination of defendant’s witnesses, which, the jury could find, demonstrated that the reason proffered was not the real reason for the discharge. Plaintiff was also entitled to rely upon the evidence introduced as part of his prima facie case, particularly plaintiff’s witness’s testimony that soon after plaintiff’s termination, another person was hired to replace plaintiff. (Reeves v Sanderson Plumbing Prods., supra, 530 US, at —, 120 S Ct, at 2108-2109.)
Thus, the court finds that plaintiff established a prima facie case of disability discrimination and that there was sufficient evidence from which the jury could rationally conclude that defendant’s claimed reasons for terminating plaintiff were untrue. Further, the court finds that the jury’s verdict was not against the weight of the evidence. Accordingly, defendant’s motions for a directed verdict and judgment in its favor at the close of plaintiff’s case and at the close of the trial are denied, as is defendant’s motion to set aside the verdict as against the weight of the evidence (CPLR 4401, 4404 [a]).
Defendant’s Motion to Set Aside the Punitive Damages Award as Impermissible and Plaintiff’s Posttrial Motion for Attorney’s Fees
Plaintiff moves for an order granting him costs and attorney’s fees pursuant to New York City Human Rights Law (Administrative Code) § 8-502 (f), upon the ground that he was the “prevailing party” in the action.
Defendant opposes the motion and moves to vacate the jury’s award of punitive damages upon the ground that neither attorney’s fees, nor punitive damages, are available for the disability discrimination causes of action in this case. Defendant contends that since the jury’s verdict did not specify whether defendant was liable for the discriminatory discharge under the New York City Human Rights Law (which permits recovery of punitive damages and attorney’s fees), or the New York State Human Rights Law (which does not permit recovery of punitive damages and attorney’s fees), there is no basis to award punitive damages and/or attorney’s fees.
Defendant’s claims are without merit and thus plaintiff’s motion for costs and attorney’s fees is granted to the extent that a hearing is ordered, and defendant’s motion to vacate the punitive damages award is denied.
The private right of action provision of the New York City Human Rights Law (Administrative Code § 8-502 [a]), the *652 constitutionality of which is by now well settled (Bracker v Cohen, 204 AD2d 115 [1st Dept 1994]), provides, in part, that punitive damages may be recovered for discrimination causes of action: “Except as otherwise provided by law, any person claiming to be aggrieved by an unlawful discriminatory practice as defined in chapter one of this title * * * shall have a cause of action in any court of competent jurisdiction for damages, including punitive damages, and for injunctive relief and such other remedies as may be appropriate.” Administrative Code § 8-502 (f) further provides that “[i]n any civil action commenced pursuant to this section, the court, in its discretion, may award the prevailing party costs and reasonable attorney’s fees.”
It is, of course, true that punitive damages are not recoverable for claims of discrimination (other than housing discrimination) under the State Human Rights Law. (Executive Law § 297 [9];[3] see, Thoreson v Penthouse Intl., 179 AD2d 29 [1st Dept 1992].) Nor does the State Human Rights Law provide for the recovery of costs and attorney’s fees to a prevailing party. (See, Executive Law § 290 et seq.; see also, Matter of Obas v Kiley, 149 AD2d 422, 424 [2d Dept 1989].)
The State, however, “has not preempted the field of antidiscrimination legislation by enacting the human rights provisions of the Executive Law (§ 290 et seq.).” (New York State Club Assn. v City of New York, 69 NY2d 211, 218 [1987].) Further, the State Human Rights Law does not prohibit the recovery of punitive damages and attorney’s fees for discrimination claims prosecuted under the New York City Human Rights Law.
Indeed, the provisions of the City Human Rights Law are not even “inconsistent” with the provisions of the State Human Rights Law. (See, Hirschfeld v Institutional Investor, 208 AD2d 380 [1st Dept 1994]; Bracker v Cohen, 204 AD2d 115, supra; see also, Greenbaum v Handelsbanken, 67 F Supp 2d 228, 265-266 [SD NY 1999].) Thus, the viability of the punitive damages and attorney’s fees provisions of the City Human Rights Law is not affected in any way by the State Human Rights Law.
Furthermore, defendant’s claim that punitive damages and attorney’s fees are unavailable in this particular action because *653 the jury’s verdict did not specify whether defendant was liable for the discriminatory discharge under the New York City Human Rights Law, or the New York State Human Rights Law, is unavailing.
First, defendant never asked the court to instruct the jury separately on the State and City claims of discrimination. Nor did defendant request that the State and City causes of action be submitted separately on the verdict sheet. Indeed, at trial defendant failed to object to the charge or the verdict sheet at all. On the contrary, defendant specifically requested a jury instruction on punitive damages and a punitive damages interrogatory on the verdict sheet and neither of those requests sought to distinguish the State and City claims for the jury in any way.
Significantly, defendant’s claim that plaintiff was required to abandon or withdraw his cause of action under the State Human Rights Law, as a condition to recovery of punitive damages or attorney’s fees, is without merit. That the plaintiff in Budzanoski v Pfizer, Inc. (1996 WL 808066, *8, n 3 [Sup Ct, NY County, Dec. 17, 1996]), the case upon which defendant heavily relies, may have withdrawn her State Human Rights Law claim to avoid “confusion” in identifying the basis for a finding of discrimination (i.e., whether the finding was based upon a violation of the State or City Human Rights Law), does not mean that withdrawal of the State claim is required in all cases. Nothing in the court’s decision in Budzanoski v Pfizer, Inc. (1996 WL 808066, supra) can be fairly read to require the withdrawal of a State Human Rights Law claim, as a condition to recovery of punitive damages or attorney’s fees under a City Human Rights Law claim.
Indeed, it has not been uncommon for alleged victims of discrimination to simultaneously assert discrimination causes of action under both the State and City Human Rights Laws, at least since New York City created a private right of action in 1991. (See, e.g., Landwehr v Grey Adv., 211 AD2d 583 [1st Dept 1995]; McIntyre v Manhattan Ford, Lincoln-Mercury, 175 Misc 2d 795, 801 [Sup Ct, NY County 1997].)
Finally, plaintiff’s State and City disability discrimination claims are identical and the disability discrimination provision of the State Human Rights Law (Executive Law § 296 [1] [a]; § 292 [21]) is virtually identical to the disability discrimination provision of the City Human Rights Law (Administrative Code § 8-107 [1] [a]). In fact, the definition of disability under the City Human Rights Law is actually broader than the definition *654 under the State Human Rights Law because a disability under the City definition, unlike a disability under the State definition, includes “an impairment of any system of the body.” (Administrative Code § 8-102 [16] [b] [1].)
Thus, there is no doubt that the jury’s verdict finding defendant liable necessarily represented a finding of liability under the City Human Rights Law. Indeed, the court’s unobjected-to instructions to the jury set forth the elements of a single cause of action for disability discrimination. Since those elements made out the disability discrimination cause of action under the City Human Rights Law, the jury’s verdict finding defendant liable for disability discrimination necessarily constituted a finding of liability under the City’s Human Rights Law.
Inasmuch as punitive damages, costs and attorney’s fees are recoverable for a violation of the City’s Human Rights Law (Administrative Code § 8-502 [a], [f]), the court denies defendant’s motion to vacate the jury’s award of punitive damages, and grants plaintiffs (the prevailing party’s) motion for an order awarding him costs and attorney’s fees, to the extent that an attorneys fees hearing is hereby ordered.
In the court’s discretion, a hearing is necessary to determine the reasonable amount of the attorney’s fees and costs, particularly given the conflicting factual issues raised by the parties. (See generally, McIntyre v Manhattan Ford, Lincoln-Mercury, 176 Misc 2d 325 [Sup Ct, NY County 1997], supra.) The hearing shall occur at 10:00 a.m. on August 29, 2000, before this court in Trial Part 4.
Conclusion
Accordingly, defendant’s motion for a directed verdict and for judgment in its favor is denied, as are defendant’s motion to set aside the jury’s verdict as against the weight of the evidence and defendant’s motion to set aside the jury’s verdict awarding punitive damages. Plaintiffs motion for an order awarding him costs and attorney’s fees is granted to the extent that an attorneys fees hearing is hereby ordered at 10:00 a.m. on August 29, 2000, before this court in Trial Part 4.
[Portions of opinion omitted for purposes of publication.]

. This decision has been edited for publication, snd thus does not include portions of the court’s decision addressing defendant’s additional motions.

. Reeves v Johnson Controls World Servs. (140 F3d 144 [2d Cir 1998]), the case upon which defendant heavily relies, is not to the contrary, since the Court of Appeals in Reeves was interpreting the “regarded as” language and the requirements of the Federal Americans with Disabilities Act (42 USC § 12101 et seq. [ADA]), not the State or City Human Rights Laws.

. Executive Law § 297 (9) provides: “Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in,any court of appropriate jurisdiction for damages, including, in cases of housing discrimination only, punitive damages, and such other remedies as may be appropriate” (emphasis added).