■ SUFFOLK COUNTY ETHICS COMMISSION, Respondent, v THOMAS M. NEPPELL, JR., Appellant, et al., Defendants. [762 NYS2d 915] —In an action, inter alia, for a judgment declaring

that the defendants are political party officers as defined by Suffolk County Administrative Code § A30-8 and are required to file financial disclosure forms with the plaintiff pursuant to Suffolk County Administrative Code § A30-10, the defendant Thomas M. Neppell, Jr., appeals, as limited by his brief, from an order of the Supreme Court, Suffolk County (Doyle, J.), dated July 24, 2002, as granted so much of the plaintiff's motion for summary judgment and denied his cross motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of an appropriate judgement in favor of the plaintiff, including, inter alia, a declaration that the defendant Thomas M. Neppell, Jr., as Chairman of the Brookhaven Town Republican Committee, is a political party officer as defined by Suffolk County Administrative Code § A30-8 and is required to file a financial disclosure form with the plaintiff pursuant to Suffolk County Administrative Code § A30-10.

In 1987 the State Legislature adopted the "Ethics in Government Act" (L 1987, ch 813), which, inter alia, amended article 18 of the General Municipal Law (§ 800 et seq.) to provide for a system of annual financial disclosure of localities. In 1988 the Suffolk County Legislature adopted Local Law No. 33, which required, inter alia, financial disclosure from officers of the County of Suffolk. Pursuant to Local Law No. 33, article 30 was added to the Suffolk County Administrative Code establishing the plaintiff, the Suffolk County Ethics Commission. In addition, sections A30-8 and A30-10 were added to the Suffolk County Administrative Code. Suffolk County Administrative Code § A30-10 requires every local political party officer to file an annual financial disclosure statement. Suffolk County Administrative Code § A30-8 defines a "political party officer" as any chairman of a town or county political committee of any political party.

The defendant Thomas M. Neppell, Jr. (hereinafter the defendant), became the Chairman of the Brookhaven Town Republican Committee on or about April 9, 2001. On or about November 14, 2001, the plaintiff commenced this action, seeking, inter alia, a mandatory injunction directing the defendant to complete and file a financial disclosure form pursuant to Suffolk County Administrative Code § A30-10. The defendant answered, denying the material allegations of the complaint and asserting several affirmative defenses.

Thereafter, the plaintiff moved for summary judgment. The

defendant cross-moved for summary judgment dismissing the complaint in its entirety. In support of his cross motion, the defendant argued, inter alia, that General Municipal Law § 800 *et seq.* pre-empted the field of financial disclosure by local governments. The defendant further argued that he was not a "local political party official" within the meaning of General Municipal Law § 810 (6) (c) since he did not receive $30,000 in compensation and expenses as required by that section. By order dated July 24, 2002, the Supreme Court granted the plaintiff's motion and denied the defendant's cross motion. We affirm.

Contrary to the defendant's contention, nothing in General Municipal Law § 800 *et seq.* indicates that the State intended to occupy the field of financial disclosure to the exclusion of local law. Further, it cannot be said that Suffolk County Administrative Code § A30-10 is inconsistent with General Municipal Law § 800, since it "neither prohibits what would be permissible under State law nor imposes prerequisites or additional restrictions on rights granted under State law so as to inhibit the operation of the State's general laws" (*Bracker v Cohen,* 204 AD2d 115, 116 [1994]; *see also New York State Club Assn. v City of New York,* 69 NY2d 211 [1987], *affd* 487 US 1 [1988]). To the extent that Suffolk County Administrative Code § A30-10 imposes more stringent requirements for financial disclosure than General Municipal Law § 800 *et seq.* it cannot be said to inhibit the operation of that law (*see Jancyn Mfg. Corp. v County of Suffolk,* 71 NY2d 91 [1987]).

The defendant's remaining contentions are without merit. Feuerstein, J.P., Krausman, Goldstein and Rivera, JJ., concur.