LAURIE DiFRANCESCO et al., Appellants, v COUNTY OF ROCKLAND, Respondent. [839 NYS2d 105]—

In an action, inter alia, for a judgment declaring that Local Law No. 1 (2005) of the County of Rockland, which requires, among other things, sellers and lessors of any residential property served by a private water system within the County of Rockland to have the water system tested and certified to ensure compliance with countywide water-quality standards, is unconstitutional, invalid, and unenforceable, the plaintiffs appeal from (1) an order of the Supreme Court, Rockland County (Nelson, J.), dated May 1, 2006, which denied their motion for summary judgment and granted the defendant's motion for summary judgment, and (2) a judgment of the same court entered May 24, 2006, which, upon the order, is in favor of the defendant and against them dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is modified, on the law, by adding a provision thereto declaring that those portions of Local Law No. 1 (2005) of the County of Rockland which impose obligations upon, and/or regulation of, agents for sellers and/or buyers of residential dwellings in Rockland County served by private water systems, are constitutional, valid, and enforceable; as so modified, the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The Supreme Court properly concluded that Local Law No. 1 (2005) of the County of Rockland (hereinafter Local Law No. 1) was not unconstitutional or invalid. Local Law No. 1 mandates, inter alia, that sellers and lessors of any residential property served by a private water system within the County of Rockland have the water system tested and certified to ensure compliance with countywide water-quality standards.

Contrary to the plaintiffs' contention, Local Law No. 1 is not preempted by article 12-A of the Real Property Law, which was enacted to regulate the activities and licensing of real estate brokers and salespeople for the prevention of fraud (*see Kreuter v Tsucalas*, 287 AD2d 50, 54-55 [2001]). Although Local Law No. 1 provides that real estate brokers must inform property sellers and buyers of the law, the fact that this local law "touch[es] upon the same area" of regulation as article 12-A of the Real Property Law does not establish that the State has preempted the entire field (*Jancyn Mfg. Corp. v County of Suffolk*, 71 NY2d 91, 99 [1987]; *see Incorporated Vil. of Nyack v Daytop Vil.*, 78 NY2d 500, 505 [1991]; *compare Matter of Lansdown Entertainment Corp. v New York City Dept. of Consumer Affairs*, 74 NY2d 761, 765 [1989]).

Further, Local Law No. 1 is not preempted by article 14 of the Real Property Law. Unlike article 14, which was enacted to regulate the disclosure of information pertaining to the sale of a home, Local Law No. 1 was enacted for the purpose of regulating and minimizing the contamination of private water systems within Rockland County (*see* Real Property Law art 14; L 2001, ch 456, § 1; *Incorporated Vil. of Nyack v Daytop Vil., supra*). In addition, it cannot be said that Local Law No. 1 is inconsistent with either article 12-A or article 14 of the Real Property Law since it "neither prohibits what would be permissible under

State law nor imposes prerequisites or additional restrictions on rights granted under State law so as to inhibit the operation of the State's general laws" (*Bracker v Cohen*, 204 AD2d 115, 116 [1994]; *see Suffolk County Ethics Commn. v Neppell*, 307 AD2d 961, 963 [2003]). Moreover, the defendant has demonstrated that it possesses a rational, legitimate interest in enacting Local Law No. 1 to preserve its private water systems and protect them from further contamination (*see generally Kamhi v Town of Yorktown*, 74 NY2d 423, 431 [1989]).

The Supreme Court also properly determined that the plaintiffs' challenge to the penalty provisions of Local Law No. 1 is not justiciable. Because none of the plaintiffs can establish an injury resulting from the penalty provisions, nor the threat of injury, the plaintiffs lack standing to challenge the constitutionality of this portion of the law (*see Cherry v Koch*, 126 AD2d 346, 351 [1987]; *see also Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 774 [1991]). Additionally, because the penalty provisions of Local Law No. 1 have not been utilized, the plaintiffs' contentions with regard to these provisions are speculative and premature (*see Schultz v City of Port Jervis*, 242 AD2d 699, 700 [1997]; *see also Rosenblum v Village of Bellport*, 270 AD2d 326, 326-327 [2000]).

The plaintiffs' remaining contentions are without merit.

Since this is a declaratory judgment action, the Supreme Court's judgment should have contained the appropriate declaration in favor of the defendant (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Schmidt, J.P., Rivera, Angiolillo and Balkin, JJ., concur.