Matter of JDM Holdings, LLC v Village of Warwick (2021 NY Slip Op 06998)





Matter of JDM Holdings, LLC v Village of Warwick


2021 NY Slip Op 06998


Decided on December 15, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 15, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.


2018-00200
 (Index No. 1282/16)

[*1]In the Matter of JDM Holdings, LLC, appellant,
v
Village of Warwick, respondent, et al., nominal defendant-respondent.


Ostrer & Associates, P.C., Chester, NY (Benjamin Ostrer and Cynthia Dolan of counsel), for appellant.
Drake Loeb PLLC, New Windsor, NY (Stephen J. Gaba of counsel), for respondent.



DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 and action for declaratory relief, the plaintiff/petitioner appeals from an order and judgment (one paper) of the Supreme Court, Orange County (Sandra B. Sciortino, J.), dated November 3, 2017. The order and judgment granted the defendant/respondent's motion for summary judgment with respect to the complaint/petition and dismissed the complaint/petition.
ORDERED that the order and judgment is modified, on the law, by deleting the provision thereof dismissing so much of the complaint/petition as sought declaratory relief regarding the adoption and constitutionality of Local Law No. 14 of 2015 of the Village of Warwick, and adding thereto a provision declaring that the adoption of Local Law No. 14 of 2015 of the Village of Warwick was a valid and constitutional exercise of the Village of Warwick's authority; as so modified, the order and judgment is affirmed, with costs to the defendant/respondent.
In 2013, the plaintiff/petitioner, JDM Holdings, LLC (hereinafter JDM), acquired an approximately ten-acre parcel of land located on Route 94 in the Village of Warwick. The subject property was previously part of the Town of Warwick, but was annexed into the Village in 1997 (see Matter of Board of Trustees of Vil. of Warwick v Town Bd. of Town of Warwick, 244 AD2d 332). Following annexation, the subject property retained its residential zoning designation. In January 2004, the Village adopted a new Comprehensive Plan (hereinafter the 2004 Comprehensive Plan). The 2004 Comprehensive Plan, among other things, identified five "gateway corridors," including Route 94, where the subject property is located, and recommended, as one of the design standards for the gateway corridors, that "clustering provisions" be required at those gateway corridors. In December 2015, the Village enacted Local Law No. 14 of 2015 of the Village of Warwick (hereinafter Local Law No. 14), the purpose of which was to implement the recommendations of the 2004 Comprehensive Plan regarding cluster development of subdivisions. Also in December 2015, the Village enacted Local Law No. 15 of 2015 of the Village of Warwick (hereinafter Local Law No. 15). As relevant to this appeal, Local Law No. 14 requires cluster development of proposed residential subdivisions located within any of the "Gateway locations as identified in the Village Comprehensive Plan," and imposes a per unit special use permit fee for all units over the number of units which would be permitted as of right in a fully conforming conventional subdivision. Local [*2]Law No. 15 establishes the amount of the special use permit fee imposed under Local Law No. 14.
On February 26, 2016, JDM commenced this hybrid CPLR article 78 proceeding and declaratory judgment action against the Village and the Town seeking, inter alia, to annul Local Law No. 14 and Local Law No. 15 on the ground that the Village's enactment of them was arbitrary and capricious, was in conflict with the goals of the 2004 Comprehensive Plan, constituted unconstitutional reverse spot zoning, and amounted to a regulatory taking of property without just compensation. After discovery, the Village moved for summary judgment with respect to the complaint/petition. In an order and judgment dated November 3, 2017, the Supreme Court granted the Village's motion and dismissed the complaint/petition. JDM appeals.
The Supreme Court properly granted that branch of the Village's motion which was for summary judgment dismissing the complaint/petition to the extent that it challenged Local Law No. 15. As JDM has not paid the fee set by Local Law No. 15 and is not subject to a demand for payment of the fee, it cannot establish either an injury or the threat of injury resulting from Local Law No. 15, and thereby lacks standing to challenge it (see DiFrancesco v County of Rockland, 41 AD3d 530, 532; Home Bldrs. Assn. of Cent. N.Y. v Town of Onondaga, 267 AD2d 973, 974).
Regarding Local Law No. 14, the Supreme Court properly determined that it was not inconsistent with the 2004 Comprehensive Plan and did not constitute unconstitutional reverse spot zoning. "Legislative enactments and local laws are presumptively valid" (Terminello v Village of Piermont, 92 AD3d 673, 674). As zoning is a legislative act, zoning ordinances and amendments enjoy a strong presumption of legality, and the burden rests on the party attacking them to overcome that presumption beyond a reasonable doubt (see Asian Ams. For Equality v Koch, 72 NY2d 121, 131). The power to zone must be exercised in accord with a "comprehensive plan" (id. at 131; see Village Law § 7-722[11]; Matter of Village of Chestnut Ridge v Town of Ramapo, 45 AD3d 74, 88). "[W]hen a [petitioner] fails to establish a clear conflict with a comprehensive plan, the challenged zoning ordinance must be upheld" (Matter of Hart v Town Bd. of Town of Huntington, 114 AD3d 680, 683 [internal quotation marks omitted]). Similarly, an ordinance enacted in accordance with a well-considered land-use plan, cannot constitute "reverse spot" zoning (Greenport Group, LLC v Town Bd. of the Town of Southold, 167 AD3d 575, 580). Here, the Village demonstrated, prima facie, that Local Law No. 14 is consistent with its 2004 Comprehensive Plan and was enacted in accordance with the recommendations therein. In opposition, JDM failed to raise a triable issue of fact.
The Supreme Court properly granted that branch of the Village's motion which was for summary judgment dismissing the cause of action which sought to recover damages for an unconstitutional taking of JDM's property. The Village established that this cause of action was not ripe for judicial review. In opposition, JDM failed to raise a triable issue of fact (see Matter of Cornwall Commons, LLC v Town of Cornwall, 163 AD3d 810, 814).
The Supreme Court properly granted that branch of the Village's motion which was for summary judgment dismissing the cause of action which sought a declaration that the Village is judicially estopped from "adopting a position that the subject premises [are] unsuitable for commercial development." A court "may render a declaratory judgment having the effect of a final judgment as to the rights and other legal relations of the parties to a justiciable controversy whether or not further relief is or could be claimed" (CPLR 3001). "However, New York courts do not issue advisory opinions. Thus, a declaratory judgment should only be granted when it will have a direct and immediate effect upon the rights of the parties" (Matter of Enlarged City School Dist. of Middletown v City of Middletown, 96 AD3d 840, 841 [citation omitted]). Here, the court properly determined that this cause of action is premature and improperly seeks an advisory opinion (see id. at 842; Ashley Bldrs. Corp. v Town of Brookhaven, 39 AD3d 442, 443).
Finally, with respect to the causes of action which sought, among other things, declaratory relief regarding the Village's adoption and the constitutionality of Local Law No. 14, the Supreme Court, in deciding the merits in favor of the Village, should not have dismissed those causes of action, but rather should have entered a judgment making the appropriate declarations (see [*3]C.F. v New York City Dept. of Health & Mental Hygiene, 191 AD3d 52, 64). Accordingly, we modify the order and judgment by adding thereto a provision declaring that the adoption of Local Law No. 14 was a valid and constitutional exercise of the Village's authority (see Lanza v Wagner, 11 NY2d 317, 334).
DILLON, J.P., HINDS-RADIX, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court